THE STATE OF OHIO, APPELLEE, *v.* HERSHBERGER, APPELLANT.

(No. 433—Decided December 10, 1955.)

*Mr. Paul N. McKinley,* prosecuting attorney, and *Mr. C. A. Faulkner,* for appellee.

*Mr. Paul E. Rizor, Mr. Roy Warren Roof* and *Mr. John L. Roof,* for appellant.

MIDDLETON, J. The defendant was charged in an affidavit filed in the Juvenile Court of Hardin County with failure to cause his children to attend school as required by the compulsory education laws of Ohio.

Upon trial, the defendant was found guilty and was sentenced to pay a fine of $20 and costs of prosecution. The court further ordered the defendant to furnish bond in the sum of $250 to keep the peace for a period of two years. From this judgment appeal is prosecuted to this court.

After the filing of a demurrer and various motions, the defendant demanded to be tried by a jury, which demand was refused. This refusal is assigned as error.

Section 2945.17, Revised Code, provides that an accused has a right to be tried by a jury except in cases in which the penalty involved does not exceed the sum of $50. The maximum penalty for the offense upon which the defendant was tried is a fine of $20, as set forth in subsection (B) of Section 3321.99, Revised Code. This claimed error is without merit.

The facts as shown by the record are, in brief, as follows:

The defendant is a member of the Old Order of the Amish Mennonite Church who, together with other members of this religious faith, established a private school, to which school he was sending his children at the time set forth in the affidavit. This private school is held in a one-room frame building, without light other than that received through windows, and is heated by a coal stove. The school consists of eight grades, and all eight grades are taught by one teacher, except for occasional assistants. The teacher has less than an eighth-grade education and no prior experience in teaching. The teacher testified that Amish children were not permitted to attend public schools for the reason that the first eight grades of public schools gave too good an education.

The state's evidence outlined the instruction provided by the public school of the district. The evidence shows that all classes in the public school are conducted in separate rooms, each class being in charge of a separate teacher; that all teachers are college trained and experienced in teaching; and that science and history are taught in the public school and are not taught in the private school. The evidence sets forth in detail the additional facilities and instruction furnished by the public school and not available to pupils in the private school.

Prior to the filing of the affidavit against the defendant, the county attendance officer warned the parents of such children, in writing, of the legal consequences of their failure to cause their children to attend school. The return shows that the notice was left at the residence of the defendant and handed to the defendant's wife.

It is the claim of the state that the private school to which the defendant was sending his children did not provide instruction equivalent to the instruction given children of like age and advancement in the public school of the district in which such children reside, and that the defendant, in sending his children to such private school which did not provide instruction equivalent to that provided by the public school of the district, violated the provisions of the compulsory education laws of the state.

Section 3321.04, Revised Code, provides that every parent of any child of compulsory school age (with specified exceptions

not applicable here) must send his child to a public, private or parochial school for the full time the school attended is in session, which shall not be for less than 32 weeks per school year.

Section 3321.07, Revised Code, provides that if any child attends instruction elsewhere than in a public school such instruction shall be equivalent to the instruction given children of like age and advancement in the public schools of the district in which such child resides. The hours and term of attendance exacted shall be equivalent to the hours and term of attendance required of children in the public schools of the district.

Section 3321.15, Revised Code, provides that every county board of education shall employ a county attendance officer. The authority of such attendance officer shall extend to all the local school districts which form the county school district.

Section 3321.16, Revised Code, vests the attendance officer with authority to investigate any case of nonattendance at school, or part-time school of a child under 18 years of age resident in the district for which such attendance officer is employed and take such action as the superintendent of schools directs or as such attendance officer deems proper in the absence of specific direction.

Section 3321.18, Revised Code, provides that the attendance officer shall institute proceedings against any parent violating the law relating to compulsory education and shall otherwise discharge the duties described in Sections 3321.14 to 3321.23, inclusive, of the Revised Code.

Section 3321.19, Revised Code, vests the attendance officer with the duty to examine into any case of supposed truancy within his district, and warn the child, if found truant, and his parent, in writing, of the legal consequences of truancy if persisted in. When any child of compulsory school age, in violation of law, is not attending school, the attendance officer shall notify the parent to cause the child to attend school forthwith, and the parent shall cause such child to attend school. Upon failure of the parent to cause such child to do so, the attendance officer shall make complaint against the parent, in any court of competent jurisdiction.

The statutes of Ohio do not require that every child attend

public school, but do require that every child, with certain limited exceptions, attend some recognized school, public, private, or parochial. The purpose of the compulsory education law is to require the proper education of every child. If a child is sent to a private school such school must provide instruction equivalent to the free instruction furnished in the public schools. The state has an interest in the children residing therein and requires that such children be not denied an opportunity to receive the educational advantages furnished by the public schools.

The provisions of the law referred to above impose a mandatory duty upon the attendance officer to enforce the attendance of every child of compulsory school age residing in the school district and not excepted by statute. The powers and duties of the attendance officer apply to children sent to a private school, in the same manner as they apply to children sent to public schools. It will, therefore, be observed that the action of the attendance officer in the investigation in the instant case and his filing of the complaint against the defendant were lawful and within his power and duty as a school attendance officer, as provided for in the compulsory school laws above referred to.

No question of religious freedom is presented in this case. By requiring the defendant to provide for the proper education of his children, his right to worship according to the dictates of his conscience is in no way abridged, and his right to instruct his children in the tenet of his chosen faith is unquestioned.

The right of the defendant and others of his faith to establish and maintain a private school to which they may send their children is too well settled to require any further comment.

The sole question in this case is whether the instruction provided in the private school attended by defendant's children was equivalent to the instruction given children of like age and advancement in the public school of the district. Other facts are not in dispute.

It is obvious from a reading of the record that the instruction provided for in the private school attended by defendant's

children was not equivalent to the instruction given children of like age and advancement in the public school of the district.

The court below was the trier of the facts, and the evidence disclosed by the record supports the finding of the trial court.

On the same date the court imposed sentence on the defendant, it entered an order requiring the defendant to give bond in the sum of $250 to keep the peace and be of good behavior for the period of two years from the date of his conviction, and to stand committed to jail until the order was complied with.

Section 2947.16, Revised Code, provides that a person convicted of a misdemeanor may be required by the judge or magistrate to enter into a recognizance, in such sum as the judge finds proper, to keep the peace and be of good behavior for such time, not exceeding two years, as the court directs.

Subsection (A) of Section 3321.38, Revised Code, provides, in part, that no parent, guardian or other person having care of a child of compulsory school age shall violate Sections 3321. 01, 3321.04, 3321.10, 3321.19, 3321.20 or 3331.14, Revised Code. The court may require a person convicted of violating this provision to give bond in the sum of $100 with surety conditioned that he will cause the child to attend instruction as provided by law.

The last quoted section is applicable to the case at bar, and any bond required of the defendant to be furnished must be ordered pursuant to subsection (A) of Section 3321.38, and not under the general recognizance section (2947.16). This court finds that portion of the court's order contrary to law, and it is reversed. To such extent the judgment below is modified and, as modified, is affirmed.

*Judgment modified and, as modified, affirmed.*

QUATMAN, P. J., and YOUNGER, J., concur.