IN RE JACKSON.

[Cite as In re Jackson (1971), 26 Ohio St. 2d 51.]

(No. 70-579—Decided April 7, 1971.)

52

Mr. *Denis G. Daly* and Mr. *Warren G. Bisdorf*, for appellant.

Mr. *Richard J. Wessel*, prosecuting attorney, for appellee.

*Per Curiam.* Overriding all other issues involved in this case is the question of whether imprisonment for non-payment of a fine is, when applied to an *indigent*, a denial of equal protection of the⁓ laws guaranteed by the Fourteenth Amendment to the United States Constitution—regardless of whether credit toward payment of the fine be established by statutory law or by judicial rule, and regardless of the monetary amount of such credit.

The posture of this case, at the time it was argued and submitted, involved the question of whether the decision of the United States Supreme Court in *Williams* v. *Illinois* (1970), 399 U. S. 235, 26 L. Ed. 2d 586, would compel such a conclusion. In *Williams*, the opinion of the court ɔy Chief Justice Burger stated:

"* * * We hold only that a state may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine. * * *"

Thereafter, in *Morris* v. *Schoonfield* (1970), 399 U. S.

508, 26 L. Ed. 2d 773, four members of the court, in a concurring opinion, stated that:

"* * * the same constitutional defect condemned in *Williams* also inheres in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing or able to pay a fine. * * *"

Finally, in *Tate* v. *Short* (1971),     U. S.    , 39 Law Week 4301, decided March 2, 1971—after the arguments herein—the Supreme Court stated that "we now adopt" the above-quoted language of the four members of the court in *Morris* and held that a state:

"* * * cannot, consistently with the equal protection clause, limit the punishment to payment of the fine if one is able to pay it, yet convert the fine into a prison term for an indigent defendant without the means to pay his fine. * * *"

In the instant case, an affidavit of indigency was filed by petitioner in the Court of Appeals, and no assertion has been made by appellee that he was not indigent. His jail sentence has expired. His fine remains unpaid. Under *Tate*, his fine cannot be converted "into a prison term" while he remains indigent and without the means to pay the fine.

Therefore, under the specific holding of *Tate*, we must conclude that petitioner is entitled, in this habeas corpus proceeding, to be discharged from any further confinement which is based *solely* upon his nonpayment of the fine imposed by the Middletown Municipal Court during such period of time as he may *continue* to be *indigent* and financially unable to pay the fine.

If his financial status changes, a different situation may prevail. This was recognized in *Tate*, wherein the court stated:

"We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so. Nor is our decision to be understood as

precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; * * *,,

*Judgment reversed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

SCHNEIDER, J., dissents.

CORRIGAN, J., concurring. I concur in the judgment in this case for the exact reasons stated in my concurring opinion in *Strattman* v. *Studt* (1969), 20 Ohio St. 2d 95, 105, wherein the factual situation posed a parallel legal question to the one presented herein, and which was decided on December 17, 1969, somewhat more than six months before the decision in *Williams* v. *Illinois* (1970), 399 U. S. 235, 26 L. Ed. 2d 586.

SCHNEIDER, J., dissenting. The petitioner was, in effect sentenced to the county jail for a total of 88.3 days (20+[$683.÷$10.]). This is far short of the maximum sentence of six months which could have been meted for the offense of which he was convicted. That sentence satisfies the test of *Williams* v. *Illinois* (1970), 399 U. S. 235, 26 L. Ed. 2d 586.

The judgment of the Supreme Court in *Morris* v. *Schoonfield* (1970), 399 U. S. 508, 26 L. Ed. 2d 773, states no law but vacates the judgment of the Maryland Court and remands the case to that court for further consideration in light of *Williams.*

Coming now to *Tate* v. *Short* (1971), U. S. , 39 Law Week 4301, the facts of that case should not be ignored. The fines assessed in that case were the only statutory sanctions for the offenses involved and the only sanctions within the jurisdiction of the trial court. Therefore, I see little parallel in that case to the instant one. The quotation from *Tate* employed by the court in this case is consistent with facts of *Tate* but does not control us on the facts before us.

I am unwilling to gallop ahead of the Supreme Court of the United States in this administratively difficult area.