THE STATE OF OHIO, APPELLEE, *v.* BOSSTIC, APPELLANT.

(No. 1042—Decided May 25, 1984.)

*Mr. J. Jeffrey Benson,* assistant prosecuting attorney, for appellee.

*Mr. Alfred E. Baerkircher,* for appellant.

ABELE, P.J. This is an appeal from a Ross County Common Pleas Court Juvenile Division judgment finding appellant, Arthia A. Bosstic, guilty of failing to send her seventeen-year-old daughter to school, in violation of R.C. 3321.03. The court wrote:

"This matter having come on for arraignment this date and the Defendant having entered a plea of GUILTY to the allegations of the complaint filed herein, it is the finding of the Court that said Defendant is guilty as charged.

"It is therefore ordered that said Defendant pay a fine in the amount of *ten dollars* ($10.00) and costs of this proceeding herein taxed in the amount of *twenty-five and 50/00* ($25.50).

"It is further ordered that said Defendant post a *surety (cash)* bond in the amount of *One hundred and 00/100* ($100.00).

"Upon the Defendant's failure to pay said fine and costs or to post said bond, it is ordered that said Defendant be sentenced and confined in the Ross County Jail for a period of *ten* (10) days."

We reverse.

Assignment of Error II

"It is error for the juvenile court to order the incarceration of an individual unable to pay a fine or costs or post a bond, according to O.R.C. Sec. 3321.38, and Section 3321.99, unless the court specifically finds, after hearing evidence, that the individual is able to pay and refused to pay."

Appellee, the state of Ohio, argues that appellant was merely found guilty of violating R.C. 3321.38(A) for which the maximum penalty is $20 pursuant to Section 3321.99(A). The judgment entry, however, *automatically* invokes the R.C. 3321.99(B) ten-day jail term upon appellant's failure to pay the fine and costs. The judgment entry provides for no subsequent hearing to ascertain whether appellant's failure to pay was due to indigency or mere neglect.

The Equal Protection Clause of the Fourteenth Amendment prohibits imprisonment of indigents for failure to pay fines. *Tate* v. *Short* (1971), 401 U.S. 395; *In re Jackson* (1971), 26 Ohio St. 2d 51 [55 O.O.2d 45]. Before a person may be imprisoned for failure to pay a fine, the court must determine whether the

failure to pay is due to indigency or mere neglect. *Karr* v. *Blay* (N.D. Ohio 1976), 413 F. Supp. 579.

Appellant's second assignment of error is sustained.

### Assignment of Error I

"It is error for the juvenile court to order the incarceration of an adult convicted of O.R.C. Sec. 3321.38, failure to send a child to school, where that adult was not afforded the right to counsel, including the right to a court-appointed attorney, without expense to the defendant."

As discussed above, the judgment entry automatically invokes a ten-day jail term. Hence, we find the court erred by failing to advise appellant that she had a right to have counsel appointed for her defense without cost to her. *Argersinger* v. *Hamlin* (1972), 407 U.S. 25; *State* v. *Wellman* (1974), 37 Ohio St. 2d 162 [66 O.O.2d 353].

Appellant's first assignment of error is sustained.

Judgment reversed and cause remanded for further hearing consistent with this opinion.

*Judgment reversed and cause remanded.*

GREY, J., concurs.

STEPHENSON, J., dissents in part and concurs in part.

STEPHENSON, J., concurring in part and dissenting in part. I concur in the disposition of the second assignment of error. I dissent from the disposition of the first assignment of error insofar as it is held that an indigent is constitutionally entitled to counsel in an R.C. 3321.03 prosecution (*i.e.*, R.C. 3321.99[A]) inasmuch as no imprisonment, but a fine only, may be imposed upon conviction. However, if the court chooses to require a bond pursuant to R.C. 3321.38 and the defendant fails to furnish such bond, I would require a hearing and, if indigency is established, appoint counsel only at that time, when imprisonment is the penalty for refusing or failing to post such bond pursuant to R.C. 3321.99(B).