SVOBODA ET AL., APPELLANTS, *v.*
ANDRISEK, SUPT., APPELLEE.

(Nos. 51234 and 51385 — Decided December 15, 1986.)

*Michael P. Farris* and *Home School Legal Defense Assn.;* and *Stephen P. Leiby,* for appellants.

*Weston, Hurd, Fallon, Paisley & Howley* and *Mary A. Lentz,* for appellee.

NAHRA, J. Donald and Karen Svoboda seek reversal of an order of the juvenile division of the court of common pleas dismissing their appeal of the decision of the Superintendent of the Berea City School District denying their request to have their children schooled at home. The following facts give rise to this appeal.

The appellants sought to have their children receive their schooling at home, due to religious reasons. Their request for a religious exemption from compulsory attendance requirements, pursuant to R.C. 3321.04, was denied by the Superintendent of the Berea City School District on the basis of inadequate curricula, courses of study and qualification of the home teacher.

The appellants timely appealed the decision of the superintendent to the juvenile division of the court of common pleas, as provided by R.C. 3331.08. A requirement of R.C. 3331.08 is the posting of an appeal bond. The appellants' attorney called the clerk of the juvenile court to determine the appropriate amount of the bond and was referred to the court's legal department. In his affidavit, the appellants' attorney stated that a legal officer of the court advised him to post costs of $35 in lieu of a bond and that the court would determine at a later time the adequacy of the posted costs. A check for $35 was posted at the time of filing the appeal.

The appellee filed a motion to dismiss the appeal, alleging the court lacked jurisdiction because of the appellants' failure to post bond as required by R.C. 3331.08. The motion to dismiss was granted by the court. The appellants then filed a motion to vacate the dismissal, which was overruled by the court.

The appellants have filed a notice

of appeal as to both the granting of appellee's motion to dismiss and the denial of the appellants' motion to vacate. These cases have been consolidated for this appeal. Both appeals are timely filed.[1]

The appellants' first, second and third assignments of error are:

"Assignment of Error No. 1

"The trial court erred in failing to give plaintiffs adequate notice and an opportunity to be heard concerning defendant's motion to dismiss, thereby violating the rules of court as well as denying plaintiff's [sic] right of due process as guaranteed by the Ohio and U.S. Constitutions.

"Assignment of Error No. 2

"The trial court erred by granting defendant's motion to dismiss when plaintiffs were in total compliance with O.R.C. 3331.08 and had properly filed the required bond.

"Assignment of Error No. 3

"The trial court erred in overruling plaintiff's [sic] motion to vacate the trial court's order granting defendant's motion to dismiss."

These assignments are addressed jointly.

The appellants argue that they fully complied with the requirements of R.C. 3331.08 in instituting their appeal of the superintendent's decision to the juvenile court and that, therefore, their appeal was improperly dismissed.

R.C. 3331.08 provides:

"In case a superintendent of schools refuses to excuse a child from attendance at school for one of the reasons stated in section 3321.04 of the Revised Code, or refuses upon request to grant an age and schooling certificate as provided in section 3331.01 of the Revised Code, an appeal may be taken from such decision to the juvenile judge of the county, upon the giving of bond, within ten days thereafter, to the approval of such judge, to pay the costs of appeal. His decision in the matter shall be final."

The statute requires an appellant to file his appeal within ten days, posting bond for costs, to be approved by the court. There is no requirement that the court approve the bond within the ten-day period. The appellant must act within ten days, but the court is not limited in the time in which it has to determine the adequacy of the bond. Any other interpretation would allow the perfection of the appeal to be at the unbridled discretion of the court. This interpretation is consistent with the rule of statutory construction that a statute establishing an appellate procedure is to be liberally construed in favor of the right to appeal. As the Ohio Supreme court has consistently stated:

"* * * statutes providing for ap-

---

[1] The appellee also attempts to prevent this case from being heard on the merits by asking that the appeal be dismissed on the ground that the appellants' brief was not signed by an attorney licensed to practice in Ohio. Whether to permit representation by an out-of-state attorney in addition to Ohio counsel is a matter solely within the sound discretion of the court. *State v. Ross* (1973), 36 Ohio App. 2d 185, 65 O.O. 2d 316, 304 N.E. 2d 396. Based on the affidavit submitted by local counsel stating he authorized out-of-state counsel to sign the brief and based on the affidavit submitted by out-of-state counsel as the basis of appellants' motion for his admission *pro hac vice*, this court accepts the brief as validly filed. There is no prejudice to the appellee by having the appellate brief signed by out-of-state counsel, with the authorization of local counsel. This court did grant the appellants' motion for admission *pro hac vice* of out-of-state counsel for purposes of presenting the oral argument.

peals and for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature and should be given a liberal interpretation in favor of a right of appeal. Thus, Section 1.11, Revised Code, reads in part:

" 'Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * *' " *Van Meter* v. *Segal-Schadel Co. of Columbus* (1966), 5 Ohio St. 2d 185, 187, 34 O.O. 2d 345, 346, 214 N.E. 2d 664, 665.

In the instant case, the appellants did file their appeal within the ten-day period mandated by the statute. In addition, at the time of the appeal, they did post costs, in the amount designated by a legal officer of the court. Therefore, the appellants did comply with the requirements of the statute. It was then up to the court to approve or disapprove the sufficiency of the bond. If the court found the bond to be inadequate, it was the duty of the court to inform the appellants and give them the opportunity to post a sufficient bond. In the present case, the court never set a bond. Yet, the court dismissed the appeal for the failure of the appellants to secure an approved bond by the court. A party cannot be deprived of his appeal on account of the court's failure to fulfill its duty. See *Hubble* v. *Renick* (1853), 1 Ohio St. 171.

It must be emphasized that we are not concerned with a supersedeas bond to stay execution of a judgment pending appeal, approval of which ordinarily must first be made in the trial court. Here we are dealing with an appeal bond as security for costs, filed with and approved by the very court hearing the case. As the necessity to post a bond to perfect an appeal was generally abolished in 1971 by the Appellate Rules, the bond provision in R.C. 3331.08 stands as a unique appellate provision. Due to the unusual nature of the proceedings, it was entirely appropriate for the appellants' attorney to consult the court as to the nature of the bond. As seen in the affidavit of the appellants' attorney, even the clerk of the juvenile court was unfamiliar with the procedures and referred him to the court's legal officer. The legal officer advised the appellants to post certain costs, which was done. Ohio courts routinely accept checks as payment of costs. There is no prejudice to the appellee when payment of costs is posted in lieu of a bond.

The appellants did all which the law required to entitle them to an appeal. The court failed in its duty to determine the adequacy of the bond. To deny the appellants their day in court to present their case involving basic rights based on the reasoning of the juvenile court would be a denial of fundamental due process and a travesty of justice.

The appellants' second and third assignments of error are well-taken. As to the first assignment of error, this court need not reach that issue as this court holds that the motion was improperly granted.

Judgment reversed and case remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

MARKUS, C.J., and KRUPANSKY, J., concur.