THE STATE OF OHIO, APPELLEE, *v.* LEVY ET AL., APPELLANTS.

(Nos. 54768 and 54769—Decided December 27, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Roy Schechter,* for appellee.

*Robert Troll Lynch,* for appellants.

ANN MCMANAMON, J. Daniel and Rebecca Levy timely appeal their criminal convictions for violating Ohio's compulsory education law. The Levys pled no contest to charges they failed to send their five children to a school or special education program conforming to the minimum standards established by the State Board of Education. See R.C. 3321.04 and 3321.38(A). The Levys advance three assignments of error.[1] We find none of their arguments meritorious and affirm their convictions.

In their first assignment the Levys contend the trial court erroneously denied their motion for a jury trial.

R.C. 2945.17 provides that an accused has the right to a jury trial in all cases except "in cases in which the penalty involved does not exceed a fine of one hunderd dollars." The right is dependent upon the potential penalty involved. See *State* v. *Tate* (1979), 59 Ohio St. 2d 50, 13 O.O. 3d 36, 391 N.E. 2d 738.

In imposing sentence, the court fined the Levys the maximum fine of twenty dollars each pursuant to R.C. 3321.99(A). The court also required the Levys to post a one hundred dollar bond as provided for in R.C. 3321.38 (A). The Levys base their claim to a jury trial on R.C. 3321.99(B), which permits the court to impose a maximum thirty-day jail term for the failure to pay the fine or post bond.[2]

---

[1] Appellants' assignments of error are:

I

"The trial court below committed prejudicial error by overruling appellants' motion for trial by jury where the penalty included potential jail time."

II

"The trial court erred by failing to order the superintendent to grant the appellants an adequate hearing to establish their qualifications, the adequacy of their curriculum, and sincerity of religious beliefs, thereby denying their fundamental constitutional due process rights."

III

"Superintendent erred in failing to find the parents qualified to teach their children at home."

[2] R.C. 3321.38 (failure to send child to school) provides:

"(A) No parent, guardian, or other person having care of a child of compulsory school age shall violate section 3321.01, 3321.03, 3321.04, 3321.07, 3321.10, 3321.19, 3321.20, or 3331.14 of the Revised Code. The court may require a person convicted of violating this division to give bond in the sum of one hundred dollars with sureties to the approval of the court, conditioned that he will cause the child under his charge to attend upon instruction as provided by law, and remain as a pupil in the school or class during the term prescribed by law.

"(B) No parent, guardian, or other person shall fail or refuse to pay a fine and costs for violating division (A) of this section or fail to give bond as provided for. in this section.

The complaints filed against the Levys in juvenile court were based upon violations of R.C. 3321.38(A) and contained no allegations that they failed to pay the fine or bond. Furthermore, the penalty provided for under R.C. 3321.99(B) is analogous to a contempt penalty imposed for failure to obey a court order. In contempt proceedings the right to a jury trial attaches only when the sentence exceeds six months. *Taylor* v. *Hayes* (1974), 418 U.S. 488; *In re Appropriation for 1979* (1980), 62 Ohio St. 2d 99, 16 O.O. 3d 104, 403 N.E. 2d 974. Thus, we find the Levys were not entitled to be tried by a jury. Accord *State* v. *Hershberger* (1955), 103 Ohio App. 188, 3 O.O. 2d 249, 144 N.E. 2d 693 (no jury right in prosecutions under R.C. 3321.99[B], now R.C. 3321.99[A]).

This assignment of error is overruled.

The Levy's second assignment asserts the trial court erred by refusing to order the superintendent of schools to conduct a hearing on whether they are qualified to educate their children at home.

R.C. 3321.04 states, in partinent part:

"Every parent of any child of compulsory school age who is not employed under an age and schooling certificate must send such child to a school or a special education program that conforms to the minimum standards prescribed by the state board of education, for the full time the school or program attended is in session, which shall not be for less than thirty-two weeks per school year. * * *

"Excuses from future attendance at or past absence from school or a special education program may be granted for the causes, by the authorities, and under the following conditions:

"(A) The superintendent of schools of the city, exempted village, or county school district in which the child resides may excuse him from attendance for any part of the remainder of the current school year upon satisfactory showing of either of the following facts:

"* * *

"(2) That he is being instructed at home by a person qualified to teach the branches in which instruction is required, and such additional branches, as the advancement and needs of the child may, in the opinion of such superintendent, require. In each such case the issuing superintendent shall file in his office, with a copy of the excuse, papers showing how the inability of the child to attend school or a special education program or the qualifications of the person instructing the child at home were determined. All such excuses shall become void and subject to recall upon the removal of the disability of the child or the cessation of proper home instruction; and thereupon the child or his parents may be proceeded against after due notice whether such excuse be recalled or not."

R.C. 3331.08 provides for an administrative appeal of the superintendent's decision to the juvenile court. See, also, *Svoboda* v. *Andrisek* (1986), 33 Ohio App. 3d 165, 514 N.E. 2d 1140.

---

"(C) This section does not relieve from prosecution and conviction any parent, guardian, or other person upon further violation of such sections; nor shall forfeiture of the bond relieve such person from prosecution and conviction upon further violation of such sections."

R.C. 3321.99 (penalties) provides:

"(A) Whoever violates division (A) of section 3321.38 of the Revised Code shall be fined not less than five nor more than twenty dollars.

"(B) Whoever violates division (B) of section 3321.38 of the Revised Code shall be imprisoned not less than ten nor more than thirty days."

The instant appeals were taken from the Levys' no contest pleas and are unrelated to the administrative proceedings provided for in the compulsory education statute. Nothing in the record indicates that the Levys appealed the superintendent's decision in this case and the trial court expressed no opinion as to the propriety of that decision. This assignment of error is the proper subject of a civil appeal and not a part of this case.

Accordingly, this assignment of error is overruled.

In their third assignment the Levys assert the superintendent erroneously determined that they were not "qualified to give home instruction." R.C. 3321.04(A)(2). The Levys also challenge the constitutionality of the delegation of this authority to the superintendent.

As we previously noted, this appeal is not taken from the administrative proceedings and any issue as to the correctness of the superintendent's decision should be pursued through the civil appeal provided for in R.C. 3331.08. See, also, *State* v. *Schmidt* (1987), 29 Ohio St. 3d 32, 35-36, 29 OBR 383, 386, 505 N.E. 2d 627, 630. Further, the Supreme Court in *Schmidt* specifically rejected the constitutional challenge raised by the Levys.

This assignment of error fails.

*Judgment affirmed.*

JOHN V. CORRIGAN and MITROVICH, JJ., concur.

PAUL H. MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment.