The STATE of Ohio, Appellee,

v.

ATWOOD, Appellant.

[Cite as *State v. Atwood* (1990), 61 Ohio App.3d 650.]

Court of Appeals of Ohio,
Ross County.

No. 1638.

Decided Nov. 19, 1990.

*Christine H. Henthorne,* assistant prosecuting attorney, for appellee.
*Alfred E. Baerkircher,* for appellant.

STEPHENSON, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Ross County Court of Common Pleas, Juvenile Division, after the entry of a no contest plea entered by Wilma Atwood, appellant herein, to a complaint averring a violation of R.C. 3321.38. The following error is assigned:

"A person charged with a violation of R.C. 3321.38, failure to send a child to school, is entitled to trial by jury upon proper demand, and it is error for a court to try that person without a jury."

The record reflects that on October 10, 1989, a complaint was filed in the Ross County Court of Common Pleas, Juvenile Division, charging that appellant did fail to cause Kevin Atwood, age sixteen years, to attend school as required by R.C. 3321.03 and 3321.04, in that Kevin Atwood has been absent without lawful excuse for seventeen of the first twenty-nine days of the school year from the Huntington Junior High School, Ross County School District, during the 1989–1990 school year, in violation of R.C. 3321.38.

A jury demand was filed on October 19, 1989, which request was overruled on November 1, 1989. Trial was set for November 21, 1989. On that date appellant appeared with appointed counsel and the court entered the following order:

"This matter having come on for trial this date and counsel for the Defendant having made oral request for the Defendant to withdraw her previous plea of NOT GUILTY and enter plea of NO CONTEST, it is the order of the Court that said request be granted.

"It is the finding of the Court that the said Defendant is GUILTY.

"It is order of the Court that said Defendant pay a fine in the amount of $10.00 and the costs of this proceeding.

"It is further recommended that the Defendant post a $100.00 Recognizance Bond conditioned that the Defendant will cause the child under her charge to attend upon instruction as provided by law.

"Upon the Defendant's failure to pay said fine and costs or to post said bond, it is ordered that said Defendant be sentenced and confined in the Ross County Jail for a period of ten (10) days."

R.C. 3321.38 [1] read (see 137 Ohio Laws, Part II, 3602, 3603) as follows in the part here pertinent:

---

1. R.C. 3321.38 was derived from G.C. 12974, which read as follows:
   "Whoever being a parent, guardian or other person having care of a child of compulsory school age violates any of the provisions of sections 4849, 4849.9, 4849–3, 4851–13, 4852–5 or

"(A) No parent, guardian, or other person having care of a child of compulsory school age shall violate section 3321.01, 3321.03, 3321.04, 3321.07, 3321.10, division (A) or (B) of section 3321.19, 3321.20, or 3331.14 of the Revised Code. The court may require a person convicted of violating this division to give bond in the sum of one hundred dollars with sureties to the approval of the court, conditioned that he will cause the child under his charge to attend upon instruction as provided by law, and remain as a pupil in the school or class during the term prescribed by law.

"(B) No parent, guardian, or other person shall fail or refuse to pay a fine and costs for violating division (A) of this section or fail to give bond as provided for in this section."

R.C. 3321.99 reads as follows:

"(A) Whoever violates division (A) of section 3321.38 of the Revised Code shall be fined not less than five nor more than twenty dollars.

"(B) Whoever violates division (B) of section 3321.38 of the Revised Code shall be imprisoned not less than ten nor more than thirty days."

In *State v. Bosstic* (1984), 16 Ohio App.3d 438, 16 OBR 509, 476 N.E.2d 722 (Stephenson, J., concurring in part and dissenting in part), this court reviewed an order essentially the same, although based upon a guilty plea, as the order in the case *sub judice.* The majority in *Bosstic* held, in substance, that error intervened, because the order contained language which automatically and without hearing sentenced the defendant to jail for failure to pay the fine or post the bond which would preclude the right of the defendant to demonstrate indigency as a defense to imprisonment. The majority further held that because of the imposition of the jail sentence language, the defendant was entitled to appointed counsel.

---

4852–6, General Code, shall upon conviction be fined not less than five dollars and not more than twenty dollars, or the court may in its discretion require the person so convicted to give bond in the sum of one hundred dollars with sureties to the approval of the court, conditioned that he will cause the child under his charge to attend upon instruction as provided by law, and remain as a pupil in the school or class during the term prescribed by law; and upon the failure or refusal of any such parent, guardian or other person to pay said fine and costs or furnish said bond according to the order of the court, then said parents, guardian or other person shall be imprisoned in the county jail not less than ten days nor more than thirty days."

Such section was embodied in the Revised Code, effective in 1953, in substantially its present form. The "or" language of G.C. 12974 was deleted which was arguably in violation of R.C. 1.01 that the adoption of the Revised Code was not to affect a right or liability of the General Code sections. Since R.C. 3321.38 has been on occasion amended in parts not here pertinent, we assume the General Assembly intended to allow the imposition of a fine and require a bond.

The *Bosstic* opinion implicitly assumed, without discussing or deciding, the issue posited in this appeal, namely whether the court below lacked jurisdiction to enter a jail sentence and that part of the judgment below is void.

Although the complaint filed in the court below averred only a violation of R.C. 3321.38 without reference to which subsection was claimed violated, it is readily apparent from the complaint averments, *supra*, that only an R.C. 3321.38(A) offense was being charged for which the penalty is a fine of not less than five or more than twenty dollars. Manifestly, no offense under R.C. 3321.38(B) could have been charged in that complaint since at that time no fine had been imposed or surety bond ordered.

■ We conclude that two separate offenses are proscribed in R.C. 3321.-38(A) and (B) with different elements required to be proven and with different penalties. When two offenses are set forth in a statute, Crim.R. 3 implicitly requires the complaint to set forth the specific subsection under which the defendant is being charged. Appellant herein, without a complaint being filed against her for violating R.C. 3321.38(B) as required by the Criminal Rule, has nevertheless been sentenced to jail for future conduct, *i.e.*, failure to pay the fine or post a bond. The issue is not one of a court having jurisdiction of the subject matter and person erroneously exercising jurisdiction but a failure to invoke subject matter jurisdiction.

■ It is a rule of universal application that jurisdiction of a court lies dormant until exercised; it must be invoked in some manner and the action commenced in the regular course of judicial procedure. 21 American Jurisprudence 2d (1981) 603, Criminal Law, Section 351. "No man, by express consent, can confer jurisdiction upon the Court to try him for a crime." *Doyle v. State* (1848), 17 Ohio 222, 225, wherein the court held that an indictment found by a grand jury of less than fifteen persons was not sufficient to put the accused on trial.

■ This court, with predecessor members, after summarizing the holdings of the Ohio Supreme Court in *Doyle v. State, supra,* and *Goodin v. State* (1865), 16 Ohio St. 344, stated the following in *Stewart v. State* (1932), 41 Ohio App. 351, 353–354, 181 N.E. 111, 112:

"The rule laid down by our Supreme Court is the well-settled law. 'There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence thereof the court acquires no jurisdiction whatever, and if it assumes jurisdiction, a trial and conviction are a nullity. The accusation must charge an offense; it must charge the particular offense for which [the] accused is tried and convicted; and it must be made in the particular form and mode required by law. * * * In most jurisdictions, if

not in all, a formal accusation, or an accusation in a particular mode or form, is expressly required by constitutional or statutory provisions, or by both, and these provisions must of course be followed.' 31 Corpus Juris, 559."

*In re Van Hoose* (App.1951), 61 Ohio Law Abs. 256, 257, 103 N.E.2d 842, 842, was a habeas corpus action wherein the court stated:

"Several grounds are set forth urging that the Court had no jurisdiction to impose the sentence, but only one of which we find to be well taken, to wit, a proper affidavit was never filed in the Municipal Court which is a prerequisite to the acquiring of jurisdiction of the subject matter of the action. In *State v. Lanser*, 111 Oh St 23, at page 26 [144 N.E. 734, at page 735], Allen, J., says:

" 'The filing of the affidavit is prerequisite to the issuing of the warrant, and without the filing of a proper affidavit no jurisdiction is acquired.' "

While other authorities could be cited, we deem it sufficient to conclude from the above that the jurisdiction of the court below, granted by R.C. 4109.13(D), to sentence appellant to jail pursuant to R.C. 3321.99(B) was never invoked and that portion of the judgment is void and without effect.

■ In light of this conclusion, we review the issue of whether the court erred in denying a jury trial. As set forth above, the complaint charged only an R.C. 3321.38(A) violation. In *State v. Hershberger* (1955), 103 Ohio App. 188, 189, 3 O.O.2d 249, 250, 144 N.E.2d 693, 695, the following was stated:

"The defendant was charged in an affidavit filed in the Juvenile Court of Hardin County with failure to cause his children to attend school as required by the compulsory education laws of Ohio.

"Upon trial, the defendant was found guilty and was sentenced to pay a fine of $20 and costs of prosecution. The court further ordered the defendant to furnish bond in the sum of $250 to keep the peace for a period of two years. From this judgment appeal is prosecuted to this court.

"After the filing of a demurrer and various motions, the defendant demanded to be tried by a jury, which demand was refused. This refusal is assigned as error.

"Section 2945.17, Revised Code provides that an accused has a right to be tried by a jury except in cases in which the penalty involved does not exceed the sum of $50. The maximum penalty for the offense upon which the defendant was tried is a fine of $20, as set forth in subsection (B) of Section 3321.99, Revised Code. This claimed error is without merit."

■ We agree, overrule the assigned error, modify the judgment by striking the portion imposing a jail sentence, and, as modified, affirm the judg-

ment.[2]  In the event appellant in the future violates R.C. 3321.38(B) a new complaint may then be filed.

*Judgment modified and affirmed.*

HARSHA, J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent.

The issue in this case was decided by this court in *State v. Bosstic* (1984), 16 Ohio App.3d 438, 16 OBR 509, 476 N.E.2d 722, and is stare decisis on the question.  We held in paragraph two of the syllabus as follows:

"An indigent has the constitutional right to court-appointed counsel in a prosecution for violation of R.C. 3321.03, failure to send a child to school."

The dissent in *Bosstic*, and the majority opinion here, present the same construction of R.C. 3321.38.  Under this construction, prosecution is a two-step process.  First, there is a conviction on the merits, and sentence, and then, if the defendant does not post the bond, an additional sanction of imprisonment.  This two-step analysis is the basis for the dissent in *Bosstic* which argued that a defendant was entitled to counsel only at the post-bond stage.

My construction of R.C. 3321.38, and the reason for my concurrence in *Bosstic*, is that the prosecution is a one-step process leading potentially to incarceration.  The mandatory bond proceeding is a legislative mandate toward automatic probation, if you will.  This is obviously a recognition by the legislature that truancy and failure to send a child to school is a family problem—more amenable to social work than criminal sanction.

Nonetheless, the penalty for violating R.C. 3321.38(A) and (B) is incarceration, and a defendant so charged is entitled to appointed counsel, and if demand is made, to a trial by jury.

Thus, I dissent.

---

**2.**  To the extent that our decision in *State v. Bosstic, supra,* conflicts with our judgment herein when only an R.C. 3321.38(A) violation is charged the same is overruled.  Accordingly, when only an R.C. 3321.38(A) offense is charged, a defendant is not entitled to appointed counsel.