DECISION
This is an appeal from a judgment of the Franklin County Court of Common Pleas in which the court revoked appellant Hudson's probation and sentenced him to an eleven-month incarceration. The court also ordered appellant to pay court costs and restitution. Appellant sets forth the following single assignment of error:
THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION.
On January 26, 1998, the Franklin County Grand Jury indicted appellant on one count of theft in violation of R.C. 2913.02, a fourth-degree felony. Said theft involved a motor vehicle as defined in section4501.01 of the Ohio Revised Code. On March 24, 1998, pursuant to a guilty plea, the trial court found him guilty of the stipulated lesser-included offense of theft, a felony of the fifth degree. A sentencing hearing was held on May 11, 1998, whereby the court imposed on appellant a sentence of three years of community control.
In addition to the statutory requirements of R.C. 2951.02, and the general requirements of the Department of Community Control, the court imposed several sanctions permitted under R.C. 2925.15, 2929.16, and 2929.17. Among the sanctions imposed was a fine of seven hundred fifty dollars plus court costs, completion of six months in the Franklin County Community Based Correction Facility ("CBCF"), performance of forty hours of community service, to have drug evaluation on an in-patient basis, follow aftercare recommendations, pay court costs, and pay restitution to the victim in the amount of $189.82. The court indicated that if appellant violates community control, he could receive a prison sentence of up to twelve months.
On August 28, 1998, the trial court made an entry titled "Additional Conditions of Probation" whereby the court waived the seven hundred fifty dollar fine. The entry stated that all other conditions remained in effect. The court also stated that failure to comply could result in the revocation of said probation. In a letter dated October 16, 1998, the CBCF informed the court that appellant had successfully completed his sentence. The letter was signed by Cynthia K. Hurst in her capacity as case manager. On December 16, 1999, the Ohio Department of Probation sent a letter, signed by Jason M. Younger, to the Franklin County Sheriff's Department requesting that it commit and hold appellant in its custody pending further notice from the trial court.
On January 27, 2000, the probation department filed a request for revocation of probation and a statement of violations. The violations listed were as follows: (1) nonpayment of court costs and restitution; (2) failure to complete an aftercare program at Wright State after relapsing; and (3) failure to complete forty hours of community service. The request further indicated that "[d]efendant was arrested 12-3-99 for the charge of Drug Abuse (Case #99CR-682) out of Scioto County. Case has not been taken before a Grand Jury pending Franklin County's disposition."
On January 31, 2000, the trial held a resentencing hearing pursuant to R.C. 2929.19. The court revoked appellant's probation, based on the first and second violations listed above, and sentenced him to eleven months at the Ohio Department of Rehabilitation and Correction. As to the third alleged violation, the court concluded that appellant had fulfilled his community service requirement. In considering appellant's present and future ability to pay a fine and other financial sanctions, the court declared appellant to be indigent, yet the court ordered appellant to pay restitution in the amount of $189.82. See State of Ohio v. Terence R.Hudson (Jan. 31, 2000), Franklin App. No. 98CR01-445, unreported. This appeal followed.
The thrust of appellant's argument is that the court erred by denying appellant his right to confront witnesses, depriving him of his procedural due process rights, and failed to consider his financial circumstances in relation to the financial sanctions.
As a threshold matter we recognize that the trial court is given wide discretion in revoking probation by R.C. 2951.09. However, as the United States Supreme Court stated in Gagnon v. Scarpelli (1973), 411 U.S. 778, the decision to revoke should not be taken lightly. In City of Columbusv. Bickel (1991), 77 Ohio App.3d 26, we held that probation is improperly revoked where a probationer's procedural due process rights are violated. We stated that if a violation of probation conditions "is properly proven, the judge has the discretion to decide whether to continue or to revoke according to the statutory guidelines." Id. at 38.
In Gagnon, supra, the United States Supreme Court established a two-prong procedure for probation revocation and the minimum due process requirements to be applied in the final probation revocation hearings. See, also, State v. Miller (1975), 42 Ohio St.2d 102. First, the trial court must conduct a preliminary hearing to determine whether there exists probable cause that a probationer violated one or more of the conditions of his probation. If the facts of a given case lead to an affirmative answer to this question, then the court may conduct a final revocation hearing in order to determine whether probation should be revoked or continued. Morrissey v. Brewer (1972), 408 U.S. 471. According to the Supreme Court, a lower court must comply with the following six minimum due process requirements at the final revocation hearing:
 (a) [w]ritten notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body * * * ; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." Id. at 489; Gagnon, supra, at 786.
In this case the preliminary hearing was based on the alleged violations contained in the request for revocation filed by the Department of Probation on January 27, 2000. The trial court found that appellant has fulfilled his forty hours of community service. However, the court found probable cause on the basis of the two other alleged violations, namely that appellant failed to pay court costs and restitution and for his failure to complete the aftercare program at Wright State. The court also stated that appellant's arrest in Scioto County constitutes a new violation contrary to the condition requiring him to have no new violations.
Appellant argues that completion of the aftercare program at Wright State was never a condition of his probation. At trial, the sole witness in this case, Jason Younger, was asked whether completion of the aftercare program at Wright State was a condition of appellant's probation. The witness stated that "there was no reference [in the record] that this was an order of the probation." We find nothing in the record establishing that the Wright State program is related to appellant's conditions of probation. Appellee argues that the trial court could reasonably conclude that appellant enrolled in this program at the recommendation of the probation department. We disagree. Being a factual inquiry, a finding of probable cause that appellant violated the conditions of his probation must be supported by the record. The record in this case fails to support such finding.
Appellant further argues that the prosecution offered no evidence to prove that the aftercare program at Wright State was a condition of his probation. Appellant points to the fact that the prosecution's sole witness lacked independent knowledge which would enable him to testify that appellant was required to complete the aftercare program in question. According to appellant this amounts to a denial of his right to confront his accusers. We agree.
In State v. Mingua (1974), 42 Ohio App.2d 35, 39, this court stated that "a defendant should be given an opportunity to confront those who bring charges against him regarding the reasons revocation is sought. We reaffirm that the probationer, or the parolee, should be given the right to confront adverse witnesses whose testimony would affect his freedom, unless such confrontation is found, by the trier of facts upon good cause, not to be necessary." The record is not clear as to who prepared the records upon which the witness relied in giving his testimony. (Neither is the absence of whoever prepared those records explained.) This is clearly a violation of appellant's right to confront his accusers as set forth in the Morrissey-Gagnon line of cases.
The second basis for the trial court's conclusion that probable cause exists is appellant's alleged failure to pay costs and restitution. We recognize that the trial court may impose restitution as a condition of probation. R.C. 2951.02(B)(9). We have also recognized that it is within the trial court's discretion to revoke probation where the probationer has failed to make restitution. See State v. Woods (1982),7 Ohio App.3d 81.
However, a court may not sentence an indigent to a prison term merely for failure to pay money in the form of fines, costs, or restitution, if the person is unable to make such payments. Tate v. Short (1971),401 U.S. 395; In Re Jackson (1971), 26 Ohio St.2d 51; State v. Bostic
(1984), 16 Ohio App.3d 438. In order to base revocation for failure to make restitution, it must be shown that such failure is willful. InState v. Scott (1982), 6 Ohio App.3d 39, the defendant had been placed on probation and ordered to pay restitution for welfare fraud. While Scott made some payments, she did not fully comply with the restitution order. The syllabus in Scott provides:
 It is unconstitutionally discriminatory to revoke probation and imprison an indigent probationer for her failure to make restitution payments where the record shows that the only reason for her nonpayment is her inability to pay, and there is no evidence that the probationer willfully or intentionally failed or refused to make such restitution payments or willfully or intentionally failed to obtain employment in order to make the restitution payments.
In this case there is nothing in the record to shed light on the reasons why appellant has failed to make the restitution payments in question. It is unclear whether appellant is employed or not. The record below is completely void of any reference to the alleged lack of compliance on appellant's part. The trial court's only reference to appellant's financial situation is where it found that appellant was indigent. Yet the court ordered appellant to make the payments in question without the required findings indicated by the above authority. Facts sufficient to establish the degree of willfulness required to support revocation must be developed in the record.
The request for revocation also refers to appellant's arrest for the charge of drug abuse out of Scioto County, indicated above. In this regard, the trial court stated that it "is aware of the fact that on December third of ninety-nine he [appellant] was arrested for the drug abuse, 99CR-682, out of Scioto County, and that this case hasn't been taken before a grand jury yet pending this court's disposition. So, certainly we have a new violation." This may be in reference to the statutory condition that a probationer has no new violations. Neither appellant nor appellee addresses this issue in their respective briefs. Similarly, the trial court does not indicate the weight it has given to this alleged violation.
Appellant's assignment of error is sustained. The case is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this decision.
 ___________________________ McCORMAC, J.
PETREE and KENNEDY, JJ., concur.