DECISION AND JUDGMENT ENTRY
{¶ 1} Deborah Waller appeals her conviction in the Highland County Court for failing to send her minor daughter to school, a minor misdemeanor in violation of R.C. 3321.38. Waller asserts that we must vacate the trial court's judgment because the trial court did not have subject matter jurisdiction over the charges against her. Because R.C.3321.38 specifically provides for exclusive jurisdiction by the juvenile court, except in instances where certain other crimes are concurrently charged, we agree. Accordingly, we vacate the judgment of the trial court.
 I. {¶ 2} Around noon on March 8, 2002, Greenfield Patrol Officer Patrick Williams observed Waller's fifteen year-old daughter, Brettany Waller, walking toward her school. Officer Williams recognized Brettany and knew that the school had recorded an unexcused absence for her that day. Officer Williams was also aware that Brettany had several unexcused absences from the prior two weeks.
 {¶ 3} Officer Williams took Brettany to the police department and contacted Waller. Waller was enraged when she arrived at the police department. She admitted to Officer Williams that she knowingly had not sent Brettany to school that week and told Officer Williams that Brettany's school attendance was none of his business. Officer Williams issued a citation to Waller for failing to send a child in her care and under sixteen years of age to school, in violation of R.C. 3321.38. The citation ordered her to appear before the Highland County Court.
 {¶ 4} Waller appeared before the court without counsel and entered a not guilty plea. Waller also represented herself during the trial. The court found Waller guilty of failing to send Brettany to school, and sentenced her accordingly.
 {¶ 5} Waller appeals and asserts three assignments of error: "I. The trial court erred in exercising jurisdiction over this matter. II. The trial court erred in convicting Deborah Waller for violating R.C.3321.38 in that the conviction was against the manifest weight of the evidence and therefore was insufficient as a matter of law. III. The trial court abused its discretion in sentencing [Waller] to attend school with her daughter for ten days and making her failure to do so punishable by contempt of court."
 II. {¶ 6} Waller contends that the trial court does not possess subject matter jurisdiction over violations of R.C. 3321.38(A), and therefore that we must vacate her conviction. Subject matter jurisdiction defines the power of the court over the classes of cases it may or may not hear. The lack of subject matter jurisdiction may be raised by objection at any time in the proceedings because subject matter jurisdiction may not be waived. McBride v. Coble Express, Inc. (1993),92 Ohio App.3d 505, 509, citing Jenkins v. Keller (1966), 6 Ohio St.2d 122,126.
 {¶ 7} R.C. 3321.04 provides that every parent or guardian of a child of compulsory school age must send the child to a school that conforms to the minimum standards prescribed by the state board of education when the school is in session. Pursuant to R.C. 3321.38(A), "a parent, guardian, or other person having care of a child of compulsory school age shall not violate any provision of section * * * 3321.04 * * * of the Revised Code."
 {¶ 8} R.C. 3321.38(A) further provides that the juvenile court "has exclusive original jurisdiction over any violation of this section." Additionally, R.C. 2151.23(A)(13) provides that the juvenile court has exclusive original jurisdiction to hear and determine violations of R.C.3321.38.
 {¶ 9} R.C. 3321.38(B) provides: "[t]his section does not relieve from prosecution and conviction any parent, guardian, or other person upon further violation of any provision in any of the sections specified in division (A) of this section, any provision of section 2919.222 or2919.24 of the Revised Code, or division (C) of section 2919.21 of the Revised Code." The R.C. 2919 offenses listed are criminal offenses, over which county courts, not juvenile courts, have jurisdiction. See R.C.2931.03. The State asserts, and Waller agrees, that R.C. 3321.38(B) consequently may confer concurrent jurisdiction with the county court when the state charges a parent with failure to send a child to school and with specific related charges under Title 29 of the Revised Code. See, generally, Adams Robinson Ent. v. Envirologix Corp. (1996),111 Ohio App.3d 426, 429.
 {¶ 10} The State argues that the trial court properly exercised jurisdiction over Waller pursuant to R.C. 3321.38(B). The complaint against Waller charges her with violating R.C. 3321.38, but does not specify whether the State intended to charge her pursuant to subsection (A) or subsection (B). Based upon Waller's failure to object, the State urges us to presume that it charged her under subsection (B), and to find therefore that the trial court properly exercised jurisdiction over Waller.
 {¶ 11} The difficulty with the State's argument is that the State did not charge Waller with a "further violation" of R.C. 3321.38(A), or with a violation of R.C. 2919.222, 2912.24, or 2919.21(C). Likewise, the proof offered at trial indicates that Waller has no previous convictions for failing to send Brettany to school. Thus, the facts alleged in the complaint and adduced at trial only support a charge under subsection (A); they simply do not permit an inference that the State intended to charge Waller under subsection (B). See, generally, State v. Mays
(1995), 104 Ohio App.3d 241, 245; State v. Atwood (1990),61 Ohio App.3d 650. Therefore, we cannot agree that the trial court properly exercised jurisdiction over Waller pursuant to subsection (B).
 {¶ 12} Regrettably, we must sustain Waller's first assignment of error. Because we find that the trial court did not possess jurisdiction over this matter, we vacate its judgment. The rest of Waller's assignments of error are moot, and we decline to address them. App.R. 12(A)(1)(c).
JUDGMENT VACATED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J., concur in judgment and opinion.