[Cite as *State v. Arnold*, **2017-Ohio-5674.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo          Court of Appeals No. L-15-1292

     Appellee                  Trial Court No. TRC-15-02909

v.

James Edward Arnold, Jr.          **DECISION AND JUDGMENT**

     Appellant             Decided:  June 30, 2017

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Eric Allen Marks, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court that found appellant, James Edward Arnold, Jr., guilty of one count of operating a motor vehicle under the influence in violation of R.C. 4511.19(A)(1) after appellant entered a no contest plea.  For the reasons that follow, the judgment of the trial court is reversed and appellant's judgment of conviction is vacated.

{¶ 2} Appellant was issued a traffic citation on January 24, 2015, for one count of speeding in violation of R.C. 4511.12, two counts of operating a vehicle under the influence in violation of R.C. 4511.19(A)(1) and (A)(2), and one count of occupant restraining device in violation of R.C. 4513.263(B)(1). Appellant refused to submit to a breathalyzer test. He was given an administrative license suspension and charged with the offenses set forth above.

{¶ 3} The record reflects that the complaint did not contain any additional comments on the back of the ticket and was simply marked as a refusal. There was no notation made by the arresting officer to support his determination that appellant was operating a vehicle under the influence. Appellant entered a not guilty plea.

{¶ 4} After multiple pretrials and continuances of the trial dates, the matter was scheduled for trial on October 28, 2015. Appellant then entered a no contest plea to the first OVI charge. Defense counsel consented to a finding and waived the reading and call for an explanation of circumstances. During the plea colloquy, the prosecutor did not make any statement as to what the evidence would have shown if the case proceeded to trial and did not supplement the complaint with additional information from the arresting officer. The officer did not testify at the plea hearing or the sentencing hearing.

{¶ 5} The trial court accepted the no contest plea, stated that the reading of explanation of circumstances was waived, and found appellant guilty based upon the complaint. The trial court sentenced appellant to serve 180 days, with 150 suspended. A

2.

brief stay of the incarceration portion of his sentence was granted for appellant to get his affairs in order.

{¶ 6} Trial counsel filed a motion to modify the sentence, arguing that a 2013 charge of OVI had been amended to reckless operation, first offense, minor misdemeanor. The trial court denied the motion without a hearing or written decision. Appellant's counsel filed a notice of appeal and the stay of imposition of the days at CCNO was extended, allowing the trial judge an opportunity to rule on the motion for a stay of execution of the sentence pending appeal. That motion was granted.

{¶ 7} Appellant sets forth the following assignments of error:

FIRST ASSIGNMENT OF ERROR

The trial court violated appellant's right to due process by finding him guilty after a no contest plea without requiring an explanation of the circumstances from the city.

SECOND ASSIGNMENT OF ERROR

The trial court lacked sufficient evidence to find appellant guilty following his no contest plea, and he should be acquitted of the OVI offense.

THIRD ASSIGNMENT OF ERROR

Appellant was denied his right to effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States

Constitution and Article 1, Sections 1, 2, 10, 16 & 19 of the Ohio Constitution.

{¶ 8} We will first consider appellant's second assignment of error. In support of this claim, appellant asserts that the trial court limited its determination of his guilt or innocence to a review of the complaint which contained no information to assist in determining whether appellant operated a vehicle on the date in question while under the influence of alcohol.

{¶ 9} The record in this case is silent as to any proof of the elements of R.C. 4511.19(A)(1). Further, the state does not dispute appellant's assertions that the complaint contained no additional comments regarding appellant's claimed violation of R.C. 4511.19(A)(1), that the arresting officer did not testify at either the plea or sentencing hearing, and that the trial court simply accepted the waiver of a reading of an explanation of circumstances.

{¶ 10} Based on the foregoing, this court finds that the trial court lacked sufficient evidence to find appellant guilty of the offense of operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1) and, accordingly, appellant's second assignment of error is well-taken. Assignments of error Nos. 1 and 3 are therefore found moot.

4.

**{¶ 11}** On consideration whereof, the October 28, 2015 judgment of the Toledo Municipal Court is reversed and appellant's conviction is vacated. Costs of this appeal are assessed to appellee pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                  _____
JUDGE

Thomas J. Osowik, J.          

_____
James D. Jensen, P.J.            JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.