[Cite as *State v. Korossy*, 2017-Ohio-7275.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                        Court of Appeals No. OT-16-025

     Appellee                                     Trial Court No. 15 CR 075

v.

Steven N. Korossy                               **DECISION AND JUDGMENT**

     Appellant                                   Decided:  August 18, 2017

* * * * *

Mike DeWine, Ohio Attorney General, Margaret Tomaro and Jocelyn K. Lowe, Assistant Attorney Generals, and Katherine Mullin, for appellees.

James J. Popil, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Steven Korossy, appeals the November 18, 2016 judgment of the Ottawa County Court of Common Pleas, convicting him of five counts of attempted unauthorized use of property, and sentencing him to a total of 150 days' incarceration, 75 days of which were suspended.  For the reasons that follow, we reverse.

## I. Background

{¶ 2} Steven Korossy was employed as a police officer for the village of Put-In-Bay in Ottawa County, Ohio. On July 15, 2015, Korossy was indicted on 14 counts of unauthorized use of the Ohio Law Enforcement Gateway, a violation of R.C. 2913.04(D), a fifth-degree felony, and one count of falsification, a violation of R.C. 2921.13, a first-degree misdemeanor. Korossy initially entered a plea of not guilty to all counts, but ultimately reached an agreement with the state whereby he would enter a plea of no contest to counts 2, 7, 10, 13, and 14, which would be amended to attempted unauthorized use of the Ohio Law Enforcement Gateway, a first-degree misdemeanor, and dismissal of the remaining counts of the indictment.

{¶ 3} The trial court conducted a plea change hearing on May 18, 2016. The state mistakenly told the court that Korossy would be entering a guilty plea, and the trial court began its examination of Korossy with this misinformation. Korossy corrected the court and clarified that he was entering a plea of no contest. Several times during the plea colloquy, however, the court misspoke, referring to the plea as a "guilty" plea, then correcting itself.

{¶ 4} The trial court accepted Korossy's no contest plea, and with Korossy's consent, it found him guilty. The court continued the matter for sentencing on August 15, 2016. At that time, it imposed a sentence of 30 days in the Ottawa County Detention Facility on each count, to be served consecutively, for a total period of incarceration of 150 days. It suspended 75 days conditioned on Korossy remaining law-abiding for two years. Korossy was required to forfeit his Ohio peace officer training certificate.

2.

**{¶ 5}** Korossy appealed the trial court judgment, and he assigns the following errors for our review:

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHT TO DUE PROCESS BY FINDING HIM GUILTY AFTER A "NO CONTEST" PLEA WITHOUT EXPLANATION OF THE CIRCUMSTANCES OR ANY ADHERENCE TO CRIM.R. 11 AND R.C. 2937.07[.]

II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT CONDUCTED A SENTENCING HEARING WITHOUT FIRST COMPLYING WITH CRIM.R 11 AND R.C. 2937.07[.]

III. THE TRIAL COURT'S CONSECUTIVE SENTENCE WAS CONTRARY TO LAW WHERE THERE WAS NO FACTUAL BASIS PRESENTED AT THE PLEA HEARING OF ANY CRIMES TO SUPPORT A CONSECUTIVE SENTENCE WITHIN R.C. 2929.21, R.C. 2929.22, and R.C. 2929.41[.]

IV. PURSUANT TO STATE V. LLOYD, 2016-OHIO-331 AND STATE V. PUGH, 2012-OHIO-829, DOUBLE JEOPARDY ATTACHES TO THE CHARGES INVOLVED IN THIS APPEAL, AND THE PROPER REMEDY IS A COMPLETE DISCHARGE OF THE APPELLANT[.]

3.

V.  APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE
OF COUNSEL[.]

## II.  Law and Analysis

{¶ 6} Korossy's five assignments of error all revolve around the same purported defect:  the trial court's failure to elicit an "explanation of the circumstances" before finding Korossy guilty on his no-contest plea.  That is, before relying upon a no-contest plea to convict a defendant for any misdemeanor, the court "shall call for explanation of circumstances of the offense from the affiant or complainant or his representatives" together with "any statement of the accused."  R.C. 2937.07.   Because the explanation of circumstances serves as evidence upon which the trial court may use to base its finding of guilty or not guilty, it must include a recitation of facts that support all of the elements of the offense.  *State v. Lloyd*, 2016-Ohio-331, 58 N.E. 520, ¶ 23 (6th Dist.).  Thus, if the transcript of a no-contest plea proceeding does not contain the required explanation of circumstances or an explicit waiver of the required explanation of circumstances from the accused, the resulting conviction lacks sufficient evidence and must be overturned.  *Id.*

{¶ 7} In his first assignment of error, Korossy argues that R.C. 2937.07, Crim.R. 11, and his right to due process were violated when the court found him guilty without eliciting an explanation of circumstances.  In his second and third assignments of error, he argues that he was not properly sentenced and that his sentence was contrary to law given the failure to elicit an explanation of circumstances.  In his fourth assignment of error, he argues that double jeopardy attached to the charges, thus the proper remedy for the error is complete discharge.  And in his fifth assignment of error, he argues that trial counsel was

4.

ineffective for failing to ensure compliance with R.C. 2937.07 and Crim.R. 11. Given that all five assignments of error concern the trial court's failure to provide an explanation of circumstances, we address all assignments of error together.

{¶ 8} As explained further below, we agree with Korossy and find that the trial court failed to elicit the explanation of circumstances required by R.C. 2937.07, Korossy did not expressly waive this requirement, and Korossy's conviction therefore lacks sufficient evidence to support a finding of guilt and Korossy has a substantive right to be discharged.

## A. Korossy Did Not Waive an Explanation of the Circumstances.

{¶ 9} The state concedes that no explanation of the circumstances was presented, but it insists that Korossy waived this requirement. The state also maintains that Korossy consented to a finding of guilt, thereby rendering an explanation of circumstances unnecessary.

{¶ 10} "A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest." Crim.R. 11(A). A no-contest plea is not an admission of guilt, "but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(1). The court need not take testimony upon a plea of no contest, however, in misdemeanor cases, it "may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07. We conduct a de novo review of a trial court's finding of guilt following a no contest plea. *State v. Brown,* 3d Dist. Marion No. 9-16-37, 2017-Ohio-678, ¶ 7.

5.

{¶ 11} "The State has the burden of ensuring that an explanation of the circumstances is introduced into the record." (Citations omitted.) *Brown* at ¶ 5. The explanation must recite facts which, if found to be true, would support a guilty verdict. *State v. Schornak*, 2015-Ohio-3383, 41 N.E.3d 168, ¶ 10 (2d Dist.), quoting *State v. Stewart*, 2d Dist. Montgomery No. 19971, 2004-Ohio-3103, *3. "A defendant who pleads no contest has a substantive right to be acquitted where the state's statement of facts fails to establish all of the elements of the offense." *Lloyd*, 2016-Ohio-331, 58 N.E.3d 520, at ¶ 19 (6th Dist.).

{¶ 12} We have recognized that a defendant may waive the required R.C. 2937.07 explanation of the circumstances. *State v. Kern*, 6th Dist. Lucas No. L-14-1173, 2015-Ohio-1988, ¶ 12. Any such waiver must be explicit. *See State v. Smyers*, 5th Dist. Muskingum No. CT03-0039, 2004-Ohio-851, ¶ 13; *City of Middleburg Hts. v. Elsing*, 8th Dist. Cuyahoga No. 105231, 2017-Ohio-6891, ¶ 13. The state claims here that Korossy waived the explanation of circumstances requirement during the following exchange with the court:

> [The court]: You are intending to enter a no contest plea to five counts of attempted unauthorized use of the Law Enforcement Gateway, is that correct?
>
> [Korossy]: Yes, Your Honor.
>
> [The court]: Do you understand what the allegations are? Do you understand what the offense is?
>
> [Korossy]: I have read the indictment, yes, Your Honor.

6.

The Court: Mr. Henderson, have you had the opportunity to explain to your client the concept of elements of an offense and what the elements of this offense are?

Mr. Henderson: Absolutely, Your Honor.

The Court: Would you waive any further explanation by the Court?

Mr. Henderson: Yes, we would.

{¶ 13} Korossy denies that this dialogue evidences his waiver of the presentation of the explanation of the circumstances; rather, he insists, it evidences only a waiver of an explanation of the *elements* of the offense to which he was entering a plea. We agree with Korossy's interpretation of this exchange with the court. The explanation that the court inquired about was an explanation of the elements of the offense. And as we recognized in *Kern*, a bare recitation of the statute constituting the offense is not an "explanation of the circumstances" for purposes of R.C. 2937.07. *Id.* at ¶ 11. *See also State v. Pugh*, 6th Dist. Erie No. E-11-014, 2012-Ohio-829, ¶ 11 ("An explanation that merely restates the statutory elements of the offense is not sufficient."). Thus, we agree with Korossy that he did not waive the R.C. 2937.07 explanation of the circumstances requirement by waiving an explanation of the *elements* of the offense.

{¶ 14} The state also contends that the trial court was not required to call for an explanation of the circumstances here because Korossy consented to a finding of guilt:

[The court]: Is there a consent to a finding of guilt in this matter?

Mr. Henderson: Yes, Your Honor.

7.

{¶ 15} Contrary to the state's position, many Ohio courts have concluded that a defendant's stipulation of guilt upon pleading no contest does not by itself constitute a waiver. (Citations omitted.) *Schornak*, 2015-Ohio-3383, 41 N.E.3d 168, at ¶ 12. Rather, those courts explain, a stipulation to be found guilty following a no-contest plea is no more than an agreement to be found guilty in accordance with R.C. 2937.07. *State v. Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517, ¶ 18. It is not the functional equivalent of a guilty plea and it does not relieve the trial court of its duty to obtain an explanation of the circumstances before making a finding of guilt unless it is accompanied by a clear waiver by the defendant. *Id.* at ¶ 18; *Brown*, 3d Dist. Marion No. 9-16-37, 2017-Ohio-678 at ¶ 13. *But see State v. Clark*, 7th Dist. Mahoning No. 16 MA 0106, 2017-Ohio-4287, ¶ 17 ("[C]ounsel's stipulation to a finding could be read as a stipulation to a finding of guilt and a waiver of a further reading of the explanation of circumstances.").

{¶ 16} In *Brown*, the trial court, in its judgment entry, submitted the defendant's plea as "No Contest, with a stipulated finding of Guilty." *Id.* at ¶ 10. The Third District determined that this entry did not—by itself—constitute a waiver. "Rather, a no contest plea with a stipulated finding of guilty must be accompanied by conduct on the part of the defendant that objectively indicates a clear intention to waive the explanation of circumstances." *Id.*

{¶ 17} The *Brown* court distinguished *State v. Arnold*, 2017-Ohio-326, 72 N.E.3d 715, ¶ 10 (3d Dist.), where it found that the defendant waived the explanation of circumstances requirement. In *Arnold,* when asked for his plea, the defendant answered

8.

through his counsel, "No contest. Consent to a finding of guilt, Your Honor. And there's an actual basis." *Id.* The court determined that by offering that there was "an actual basis" for a finding of guilt, the defendant went beyond a bare admission of the facts of the complaint and admitted that the facts were sufficient to establish guilt.

{¶ 18} We agree with the distinction articulated by the Third District. And we find here that Korossy's consent to a finding of guilt did not waive the explanation of circumstances requirement. Accordingly, it was incumbent on the court to request an explanation of the circumstances before it could properly make a finding of guilt. Because it failed to do so, we find Korossy's first assignment of error well-taken.

### B. Korossy's Conviction Lacks Sufficient Evidence to Support a Finding of Guilt.

{¶ 19} Having found error in the failure to present an explanation of the circumstances before making a finding of guilt, we next address the remedy for this failure—Korossy's fourth assignment of error. Korossy argues that double jeopardy attached and he must be discharged. The state argues that the appropriate remedy is to vacate the convictions and reinstate the original charges. It argues that to do otherwise would allow Korossy to take advantage of error that he invited.

{¶ 20} As we explained at length in *Lloyd*, 2016-Ohio-331, 58 N.E.3d 520, at ¶ 28, error in failing to elicit an explanation of the circumstances is more than mere trial error; it is a failure to establish facts sufficient to support a conviction. *See also Elsing*, 8th Dist. Cuyahoga No. 105231, 2017-Ohio-6891, at ¶ 11. "As such, double jeopardy attaches, thereby preventing the state from getting a second chance to meet its burden." *Id.*

9.

Accordingly, Korossy has a substantive right to be discharged. We, therefore, find his fourth assignment of error well-taken.

{¶ 21} Given our conclusion that (1) the trial court erred in making a finding of guilt absent an explanation of the circumstances, and (2) this error requires that Korossy's conviction be vacated and that he be discharged, we need not consider Korossy's remaining assignments of error.

### III. Conclusion

{¶ 22} Because the trial court erred in making a finding of guilt without eliciting an explanation of the circumstances, and because double jeopardy attached, prohibiting a new determination of guilt or innocence, we find Korossy's first and fourth assignments of error well-taken. We decline to address his remaining assignments of error. We reverse the trial court's November 18, 2016 judgment, vacate Korossy's conviction, and discharge him. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.    
_____
JUDGE

Thomas J. Osowik, J.    

_____
Christine E. Mayle, J.    JUDGE
CONCUR.

_____
JUDGE