[Cite as *Toledo v. Williams*, 2018-Ohio-1954.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                    Court of Appeals No. L-17-1120

     Appellee                    Trial Court No. CRB-16-16810

v.

Brian Richard Williams                    **DECISION AND JUDGMENT**

     Appellant                    Decided:  May 18, 2018

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Vijay K. Puligandla, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on the appeal of appellant, Brian Williams, from the April 12, 2017 judgment of the Toledo Municipal Court.  For the reasons that follow, we reverse the judgment of the trial court and vacate appellant's convictions.

{¶ 2} Appellant sets forth three assignments of error:

> 1.  The trial court committed plain error at the initial appearance of
>
> the appellant by amending the charges of domestic violence to

misdemeanors of the first degree from misdemeanors of the fourth degree, because the amendments changed the degree of the offenses and the penalty and therefore also changed the nature or identity of the charge.

2. The trial court erred in the taking of the plea by finding appellant guilty beyond a reasonable doubt without having sufficient evidence to establish that the elements of the offenses were met, and without requiring an explanation of the circumstances from the appellee therefore violating appellant's due process rights, requiring appellant's conviction to be vacated.

3. The trial court erred in imposing the maximum and consecutive sentences without taking into consideration the factors set out in R.C. 2929.22(B)(1).

**Facts**

{¶ 3} On December 4, 2016, appellant was charged by complaint in Toledo Municipal Court with two counts of domestic violence, fourth-degree misdemeanors. Each count was charged in a separate complaint in case Nos. CRB-16-16810-0102 and No. CRB-16-16810-0202.

{¶ 4} On December 5, 2016, appellant appeared in court. Appellee, the city of Toledo, requested that the second domestic violence charge be amended to an assault charge, in violation of R.C. 2903.13(C)(1), and also requested that both charges be amended from fourth-degree misdemeanors to first-degree misdemeanors. Appellant,

2.

who was represented by counsel, did not object. The trial court amended the charges as requested. Appellant entered pleas of not guilty to the charges. In addition, appellant consented to the issuance of a protection order.

{¶ 5} On January 10, 2017, appellant was charged by complaint in case No. CRB-17-00386-0101, in Toledo Municipal Court with violation of protection order, pursuant to R.C. 2919.27(A)(1), a first-degree misdemeanor.

{¶ 6} On February 1, 2017, the matter was called for trial, but appellant did not appear. Bench warrants were issued.

{¶ 7} Appellant was arrested on March 6, 2017, and appeared in court the next day. Thereafter, case No. CRB-16-16810-0102 was consolidated with case Nos. CRB-16-16810-0202 and CRB-17-00386-0101.

{¶ 8} On March 22, 2017, the matter was again called for trial. Appellant entered pleas of no contest to the domestic violence charge and the violation of protection order charge. The trial court amended the domestic violence charge to an assault charge, in violation of R.C. 2903.13, after finding a lack of the element of familial relationship. The trial court then found appellant guilty of assault and guilty of violating the protection order. The trial court dismissed the other assault charge.

{¶ 9} Sentencing was held on April 12, 2017. Appellant spoke and expressed his remorse. Appellant also stated he thought he had pled no contest to a first and fourth-degree misdemeanor. The matter was discussed and appellant was informed by the court that he pled to two first-degree misdemeanors. The trial court then noted appellant's

3.

extensive criminal record as well as the heinous nature of the assault, and sentenced appellant to 180 days of confinement on each charge, the maximum sentence, to be served consecutively. Appellant appealed.

## First Assignment of Error

{¶ 10} Appellant contends the trial court committed plain error in permitting the amendment of the complaint at appellant's initial court appearance. Appellant argues allowing the domestic violence charges to be amended from fourth-degree misdemeanors to first-degree misdemeanors changed the degree of the offenses and the penalty, and therefore changed the nature or identity of the charges. Appellant observes since his defense counsel did not object to the request to amend the complaint, appellant waived all but plain error.

{¶ 11} Appellee countered, with respect to the first domestic violence charge, that the complaint contained a "scrivener's error" of classifying the offense as a fourth-degree misdemeanor instead of a first-degree misdemeanor. Appellee asserted the amendment of the complaint by the trial court changing the degree of the misdemeanor from a fourth degree to a first-degree misdemeanor corrected an incorrect statement and did not change the degree of the offense. Appellee insisted appellant was not prejudiced by the incorrect statement, and appellant agreed to the amendment. With respect to the second domestic violence charge, which was amended to an assault charge, appellee noted this charge was dismissed in the plea deal.

4.

## Plain Error

**{¶ 12}** Plain error is an obvious defect in the trial proceeding which affects substantial rights. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). With a plain error analysis, the "appellate court must examine the error * * * in light of all the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred." *State v. Slagle*, 65 Ohio St.3d 597, 604, 605 N.E.2d 916 (1992).

## Crim.R. 3

**{¶ 13}** Crim.R. 3 states:

> The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths.

## Crim.R. 7

**{¶ 14}** Crim.R. 7(D) provides:

> The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.

5.

{¶ 15} "Crim.R. 7(D) does not permit the amendment of an indictment when the amendment changes the penalty or degree of the charged offense; amending the indictment to change the penalty or degree changes the identity of the offense." *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, syllabus.

First Domestic Violence Charge (Case No. CRB-16-16810-0102)

{¶ 16} The record shows the original complaint charged appellant with domestic violence, in violation of R.C. 2919.25, a fourth-degree misdemeanor. The complaint set forth in relevant part that "the victim * * * stated the defendant attacked her, by hitting her on her face, back and her head [and] he also hit her across her forehead with a belt causing injuries to her forehead."

{¶ 17} R.C. 2919.25 states in relevant part:

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

(B) No person shall recklessly cause serious physical harm to a family or household member.

(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.

(D) (1) Whoever violates this section is guilty of domestic violence, and the court shall sentence the offender as provided in divisions (D)(2) to (6) of this section.

6.

(2) Except as otherwise provided in divisions (D)(3) to (5) of this section, a violation of division (C) of this section is a misdemeanor of the fourth degree, and a violation of division (A) or (B) of this section is a misdemeanor of the first degree.

{¶ 18} R.C. 2919.25 provides distinct offenses with different punishments. When a statute sets forth varying offenses, Crim.R. 3 requires the complaint to set forth the specific subsection under which the defendant is being charged. *State v. Atwood*, 61 Ohio App.3d 650, 654, 573 N.E.2d 739 (4th Dist.1990). *See also State v. Newell*, 6th Dist. Erie No. E-08-064, 2009-Ohio-1816, ¶ 23.

{¶ 19} Here, appellant was initially charged with a violation of R.C. 2919.25, a fourth-degree misdemeanor, which was then amended to a first-degree misdemeanor under the same statute. Although the amendment did not change the name of the offense, the amendment did change the penalty or degree of the charged offense, and thus the identity of the crime charged. Since Crim.R. 7(D) forbids such an amendment, we find the trial court committed plain error in allowing the amendment.

Second Domestic Violence Charge (Case No. CRB-16-16810-0202)

{¶ 20} The record shows the original complaint charged appellant with domestic violence, a fourth-degree misdemeanor. The charge was then amended to assault, in violation of R.C. 2903.13, a first-degree misdemeanor. The amendment changed both the name of the offense as well as identity of the crime charged; Crim.R. 7(D) forbids such

7.

an amendment. Thus, we find the trial court committed plain error in allowing the amendment. However, the error is harmless since the charge was ultimately dismissed.

{¶ 21} In light of the foregoing, appellant's first assignment of error is well-taken.

**Second Assignment of Error**

{¶ 22} Appellant argues his due process rights were violated when the trial court accepted his no contest plea and found him guilty beyond a reasonable doubt as there was no proof of the elements of the offenses. Appellant contends after entering his plea, defense counsel waived the reading and call for an explanation of circumstances. Appellant asserts that during the plea colloquy, the prosecutor did not make any statement as to what the evidence would have shown if the case proceeded to trial, and the complaint was not supplemented with additional information from the arresting officer, who did not testify at the plea or sentencing hearing. Appellant cites to *State v. Arnold*, 6th Dist. Lucas No. L-15-1292, 2017-Ohio-5674, in support of his position.

{¶ 23} Appellee acknowledged the *Arnold* case, but suggested that counseled pleas with language such as, "no contest, Your Honor, consent to finding, waive reading of facts or explanation of circumstances" sufficiently waive the statutory rights conferred by R.C. 2937.07.

{¶ 24} Our resolution of the first assignment of error renders this assignment of error moot as to the assault conviction. Thus, we will only address appellant's conviction for violating the protection order.

8.

**{¶ 25}** R.C. 2937.07 provides in pertinent part:

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. * * * If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of "no contest" or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding.

**{¶ 26}** In *Arnold*, the appellant was issued a traffic citation for speeding, two counts of operating a vehicle under the influence ("OVI"), and a seat belt offense. *Id.* at ¶ 2. The appellant refused to submit to a breathalyzer test. *Id.* The complaint which charged the appellant with the offenses did not contain any additional comments on the back of the ticket and was marked as a refusal. *Id.* at ¶ 3. "There was no notation made by the arresting officer to support his determination that appellant was operating a vehicle under the influence." *Id.*

**{¶ 27}** The appellant ultimately entered a no contest plea to the first OVI charge and "[d]efense counsel consented to a finding and waived the reading and call for an explanation of circumstances." *Id.* at ¶ 4. During the plea colloquy, the prosecutor did not make a statement as to what the evidence would have shown if the case had

9.

proceeded to trial, nor did the prosecutor supplement the complaint with information from the arresting officer. *Id.* The officer did not testify at the plea or sentencing hearing. *Id.* The plea was accepted and the appellant was sentenced. *Id.*

{¶ 28} The appellant appealed, contending, inter alia, that "the trial court limited its determination of his guilt or innocence to a review of the complaint which contained no information to assist in determining whether appellant operated a vehicle on the date in question while under the influence of alcohol." *Id.* at ¶ 8. We found:

> The record in this case is silent as to any proof of the elements of [OVI]. Further, the state does not dispute appellant's assertions that the complaint contained no additional comments regarding appellant's claimed violation of [OVI], that the arresting officer did not testify at either the plea or sentencing hearing, and that the trial court simply accepted the waiver of a reading of an explanation of circumstances.

> Based on the foregoing, this court finds that the trial court lacked sufficient evidence to find appellant guilty of the offense of [OVI]. Id. at ¶ 9-10.

{¶ 29} Here, upon review, the complaint charging appellant with violating the protection order contained a statement from the victim where she swore that appellant: called her numerous times; was at her residence and left her a note; went to the victim's grandmother's house when the victim was there; and, pulled up next to her vehicle and stared at her. However, like in *Arnold*, the record is silent as to any proof of the elements

of the charge.  Moreover, there is nothing in the record which indicates that the trial court reviewed or relied upon the complaint in finding appellant guilty of violating the protection order.  We therefore find the trial court lacked sufficient evidence to find appellant guilty of violating the protection order, in violation of R.C. 2919.27(A)(1).  Accordingly, appellant's second assignment of error is well-taken.

**Third Assignment of Error**

{¶ 30} Appellant argues the trial court erred in imposing maximum and consecutive sentences without taking into consideration the factors set out in R.C. 2929.22(B)(1).  Our determination as to appellant's first and second assignments of error renders any arguments as to the correctness of maximum, consecutive sentences moot.

**Conclusion**

{¶ 31} The April 12, 2017 judgment of the Toledo Municipal Court is reversed and appellant's convictions for assault and violation of a protection order are vacated.  Pursuant to App.R. 12(B), we enter final judgment acquitting appellant of the offenses of assault and violation of a protection order.  Costs of this appeal are assessed to appellee pursuant to App.R. 24.

Judgment reversed and vacated.

11.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                                                                  JUDGE

Arlene Singer, J.

                                                                      _____

Christine E. Mayle, P.J.                                       JUDGE
CONCUR.

                                                                      _____
                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.