[Cite as *State/Toledo v. Neal*, 2018-Ohio-2596.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

Appellee

v.

Kevin Marvin Neal

Appellant

Court of Appeals No. L-17-1193

Trial Court No. TRC-17-2729

**<u>DECISION AND JUDGMENT</u>**

Decided:  June 29, 2018

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Eric Allen Marks, for appellant.

* * * * *

**MAYLE, P.J.**

**{¶ 1}**  Appellant, Kevin Neal, appeals the June 27, 2017 judgment of the Toledo

Municipal Court sentencing him for a misdemeanor conviction of operating a vehicle

under the influence of alcohol, a drug of abuse, or a combination of them. For the following reasons, we reverse.

## I. Background and Facts

{¶ 2} On February 6, 2017, Neal was driving on Alexis Road in Toledo when he was stopped by an Ohio State Highway Patrol trooper. The trooper arrested Neal and issued him a uniform traffic ticket charging him with operating a vehicle while "[u]nder the influence of alcohol/drug of abuse" ("OVI") in violation of R.C. 4511.19(A)(1)(a) and a marked lanes violation under R.C. 4511.33. The ticket indicates that Neal submitted to a urine test, but does not include the results of the test. The ticket also states that Neal had a prior OVI in "16."[1]

{¶ 3} That same day, the trooper initiated criminal proceedings against Neal in the Toledo Municipal Court by filing the uniform traffic ticket, which served as the complaint and summons under Traf.R. 3.

{¶ 4} On May 18, 2017, Neal entered a plea of no contest to the OVI charge. In exchange, the city agreed to "off docket" the marked lanes violation. At the hearing, Neal's counsel stated that Neal agreed to plead "[n]o contest, we would consent to a

---

[1] In addition to the complaint, the record also contains a "Report of Law Enforcement Officer Administrative License Suspension/Notice of Possible CDL Disqualification/Immobilization/Forfeiture," commonly known as a "BMV Form 2255," indicating that Neal was served with a notice of administrative license suspension ("ALS") when the controlled substance or metabolite test result was received on March 3, 2017. The BMV Form 2255, however, is neither file-stamped nor entered on the docket. Regardless, the ALS is not at issue on appeal.

2.

finding, waive any reading or call for explanation of circumstances." Counsel also drew the court's attention to Neal's prior OVI conviction. The court responded, "Well, there's a prior noted on the ticket. I don't know whether or not he was convicted or it was amended unless I pull it up." The court then addressed Neal, saying, "A no contest plea is not an admission of guilt, but you're allowing the Court to accept as true the facts contained in the complaint. Usually that results in a finding of guilt." After Neal tendered his plea, the court said, "The Court will accept the no contest plea. Reading and explanation of circumstances waived. Based upon the complaint, the Court will make a finding of guilt."

{¶ 5} On June 27, 2017, the court held a sentencing hearing. After hearing counsel's argument in mitigation of punishment, the court sentenced Neal to 180 days in jail with 157 days suspended; one year of probation, including the terms that Neal commit no other offenses and follow any recommendations resulting from a substance abuse assessment; an 18-month driver's license suspension; a $525 fine; and court costs.

{¶ 6} Neal now appeals the trial court's decision, raising two assignments of error:

> FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT
> VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY FINDING
> HIM GUILTY AFTER A NO CONTEST PLEA WITHOUT REQUIRING
> AN EXPLANATION OF THE CIRCUMSTANCES FROM THE CITY.

3.

SECOND ASSIGNMENT OF ERROR:  THE TRIAL COURT LACKED SUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY FOLLOWING HIS NO CONTEST PLEA, AND HE SHOULD BE ACQUITTED OF THE OVI OFFENSE.

## II.  Law and Analysis

{¶ 7}  In his first assignment of error, Neal argues that the trial court violated his due process rights by finding him guilty based on his no contest plea without calling for an explanation of the circumstances of the charge, as required by R.C. 2937.07.  Neal claims that the explanation of the circumstances is mandatory, and therefore any purported "waiver" of this requirement by the defendant is irrelevant.  In his second assignment of error, Neal argues that, even if this court determines that he waived his right to an explanation of circumstances under R.C. 2937.07, his conviction for OVI is based on insufficient evidence because the complaint—i.e., the uniform traffic ticket—is devoid of the information necessary to find him guilty of violating R.C. 4511.19(A)(1)(a).

{¶ 8}  In response, Toledo argues that a defendant may waive the required R.C. 2937.07 explanation of circumstances, but that this court's case law has left some uncertainty regarding *how* such a waiver should occur.  The city urges us to overrule our prior decision in *State v. Arnold*, 6th Dist. Lucas No. L-15-1292, 2017-Ohio-5674, in which we found that the appellant's conviction under R.C. 4511.19(A)(1) was based on insufficient evidence even though he had waived the explanation of circumstances, and to

4.

follow *State v. Kern*, 6th Dist. Lucas No. L-14-1173, 2015-Ohio-1988, in which we found that the appellant's waiver of the requirements of R.C. 2937.07 precluded him from asserting insufficiency of the evidence as error on appeal. Toledo also argues that, even if we continue to follow *Arnold*, the language of the complaint was sufficient to support Neal's OVI conviction.

{¶ 9} Our standard of review is de novo. *State v. Korossy*, 2017-Ohio-7275, 96 N.E.3d 941, ¶ 10 (6th Dist.) ("We conduct a de novo review of a trial court's finding of guilt following a no contest plea.").

### A. Neal Waived the R.C. 2937.07 Explanation of Circumstances

{¶ 10} As an initial matter, we note that Neal was charged with, and convicted of, a violation of a traffic ordinance, so the Ohio Traffic Rules (rather than the Ohio Rules of Criminal Procedure) apply to his case. *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 10; Traf.R. 2(A) (defining a "traffic case" as "any proceeding, other than a proceeding resulting from a felony indictment, that involves one or more violations of a law, ordinance, or regulation governing the operation and use of vehicles * * *.").

{¶ 11} "A defendant may plead not guilty, guilty or, with the consent of the court, no contest." Traf.R. 10(A); *see also* Crim.R. 11(A). A no contest plea "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint * * *." Traf.R. 10(B)(2); *see also* Crim.R. 11(B)(2). In traffic cases, the

5.

complaint and summons is the Ohio Uniform Traffic Ticket, which is filed by the law enforcement officer.  Traf.R. 3.

{¶ 12} Under R.C. 2937.07,

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.

The Supreme Court of Ohio has determined that R.C. 2937.07 confers a substantive right and "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances."  *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150, 459 N.E.2d 532 (1984).  This protection ensures that the prosecution establishes all of the elements of a charge and prevents the trial court from finding a defendant guilty in a "perfunctory fashion."  *Id.*, citing *Springdale v. Hubbard*, 52 Ohio App.2d 255, 259-260, 369 N.E.2d 808 (1st Dist.1977).

{¶ 13} Although R.C. 2937.07 does not define "explanation of the circumstances," we have held that "the explanation 'necessarily involves, at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest.'"  *State v. Czech*, 6th Dist. Lucas No. L-13-1141, 2015-Ohio-458, ¶ 18, quoting *State v. Pugh*, 6th Dist. Erie No. E-11-014, 2012-Ohio-829, ¶ 11.  The explanation must be more than a bare recitation of the elements of the offense

6.

charged. *Id.* Documents can provide the explanation of circumstances as long as the record demonstrates that the trial court actually considered the documents in determining the defendant's guilt. *Id.* at ¶ 15, citing *State v. Muhammad*, 6th Dist. Lucas No. L-00-1263, 2001 Ohio App. LEXIS 5782 (Dec. 21, 2001).

{¶ 14} This court has repeatedly recognized that a defendant can waive his right to have the facts supporting the charges against him presented to the court. *Korossy*, 2017-Ohio-7275, 96 N.E.3d 941, at ¶ 12, citing *Kern*, 6th Dist. Lucas No. L-14-1173, 2015-Ohio-1988, at ¶ 12. The waiver must be explicit. *Id.* Here, at the plea hearing, Neal's counsel expressly stated that he was pleading "[n]o contest, we would consent to a finding, *waive any reading or call for explanation of circumstances*." (Emphasis added.) This was an explicit waiver of Neal's right to an explanation of circumstances under R.C. 2937.07. Accordingly, Neal's first assignment of error is not well-taken.

## B. Neal's Conviction Lacks Sufficient Evidence

{¶ 15} Next, we consider whether Neal's waiver of an explanation of circumstances under R.C. 2937.07 means that he invited any error relating to the alleged insufficiency of the evidence, as we found in *Kern*. As explained further below, we find that Neal did not invite the error, and that the facts of this case are distinguishable from *Kern* and analogous to *Arnold*, 6th Dist. Lucas No. L-15-1292, 2017-Ohio-5674.

{¶ 16} It is important to remember that a no contest plea to a misdemeanor offense under R.C. 2937.07, Crim.R. 11(B)(2), and Traf.R. 10(B)(2) has three major implications: (1) the no contest plea is an admission of the truth of the facts alleged in

7.

the complaint; (2) the trial court may make a finding of guilty or not guilty from the "explanation of the circumstances of the offense"; and (3) the plea or admission cannot be used against the defendant in any subsequent civil or criminal proceeding. The hallmark of a no contest plea is that the government is relieved of its burden to prove guilt beyond a reasonable doubt, but it must still provide some facts supporting each element of the offense. *City of Columbus v. Kiner*, 10th Dist. Franklin No. 11AP-21, 2011-Ohio-4479, ¶ 8, citing *State v. Gilbo*, 96 Ohio App.3d 332, 337, 645 N.E.2d 69 (2d Dist.1994).

{¶ 17} Although a defendant may waive the R.C. 2937.07 requirement of an explanation of circumstances, such a waiver does not alter the essential nature of a no contest plea—i.e., the defendant is still admitting the truth of the facts alleged in the complaint, and asking the court to determine guilt based on those facts. Crim.R. 11(B)(2); Traf.R. 10(B)(2); R.C. 2937.07. Thus, where the explanation of circumstances has been waived but the facts as alleged in the complaint are nonetheless insufficient to establish each element of the offense, a conviction based on nothing more than the complaint lacks sufficient evidence. Or, in other words, because a no contest plea "leaves the finding of guilt in the hands of the trial court," the trial court is still bound to make an independent determination regarding whether the facts are sufficient to sustain a conviction. *See State v. Brown*, 3d Dist. Marion No. 9-16-37, 2017-Ohio-678, ¶ 11; *Arnold* at ¶ 8 (finding that, despite appellant's waiver of the explanation of circumstances, his conviction lacked sufficient evidence because the complaint

8.

"contained no information to assist in determining whether appellant operated a vehicle on the date in question while under the influence of alcohol."); *State v. Williams*, 6th Dist. Lucas No. L-17-1120, 2018-Ohio-1954, at ¶ 29 (finding that appellant's conviction lacked sufficient evidence, despite a waiver of the explanation of circumstances, because the complaint was "silent as to any proof of the elements of the charge.").

{¶ 18} If, however, the defendant's waiver of the explanation of circumstances is accompanied with an express statement that the defendant "consents to a finding of guilty," or expressly stipulates that the admitted facts provide a "sufficient" or "actual" basis for a finding of guilt, then the defendant cannot assert insufficient evidence as error on appeal because he invited the error. *See Kern*, 6th Dist. Lucas No. L-14-1173, 2015-Ohio-1988, at ¶ 12. That is because, by making such explicit statements, the defendant goes beyond a bare admission of the facts of the complaint and admits that the facts, as alleged, are sufficient to establish guilt.

{¶ 19} In *Kern*, the appellant pleaded no contest to reckless operation, a violation of R.C. 4511.20. *Kern* at ¶ 4. At the plea hearing, the appellant's attorney stated that "he would enter a plea of no contest with a consent to finding of guilty and waive a reading." *Id.* at ¶ 10. On appeal, the appellant claimed that his conviction lacked sufficient evidence. We noted that although the officer's notes on the ticket contained "barely more than a recitation of the statute," the appellant had "invited the error and may not raise the issue on appeal." *Id.* at ¶ 11, 12. *See also State v. Howell*, 7th Dist. Mahoning No. 04 MA 31, 2005-Ohio-2927, ¶ 20 (no error where the court found the defendant guilty

9.

without an explanation of circumstances or reading of the complaint when the prosecutor stated that the defendant "waived presentation of evidence and stipulated to a finding of guilt" and the defendant's attorney expressly agreed with the prosecutor's representation).

{¶ 20} But, the invited error doctrine will not apply unless the defendant's waiver of the explanation of circumstances and stipulation to a finding of guilty are both explicit. If the defendant merely waives the explanation of circumstances and the admitted facts of the complaint are insufficient to establish guilt, the trial court may acquit the defendant, call for additional facts from the state, or reject the plea. *See State v. Beasley*, 152 Ohio St.3d 470, 472, 2018-Ohio-16, 97 N.E.3d 474, ¶ 11 ("[a] trial court has discretion to accept or reject a no-contest plea."). Alternatively, if the defendant merely stipulates to a finding of guilty, that "does not relieve the trial court of its duty to obtain an explanation of the circumstances * * *." *Korossy*, 2017-Ohio-7275, 96 N.E.3d 941, at ¶ 15.

{¶ 21} Here, Neal pleaded no contest to OVI in violation of R.C. 4511.19(A)(1)(a), which provides, "No person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." "Under the influence" means that the defendant's consumption of alcohol, drugs of abuse, or both "adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle." *Toledo v. Starks*, 25 Ohio App.2d 162, 166, 267 N.E.2d 824 (6th Dist.1971). The defendant's

10.

behavior—his "ability to perceive, make judgments, coordinate movements, and safely operate a vehicle * * *"—is the crucial issue in a prosecution for a violation of R.C. 4511.19(A)(1). *City of Newark v. Lucas*, 40 Ohio St.3d 100, 104, 532 N.E.2d 130 (1988).

{¶ 22} At the plea hearing, Neal's counsel stated that Neal agreed to plead "[n]o contest, we would consent to a finding, waive any reading or call for explanation of circumstances." While Neal explicitly waived the R.C. 2937.07 explanation of circumstances, he did not expressly state that he consented "to a finding *of guilty*," nor did he stipulate that the admitted facts provided a "sufficient" or "actual" basis for a "finding of guilt." *Compare Kern*, 6th Dist. Lucas No. L-14-1173, 2015-Ohio-1988, at ¶ 10 (finding invited error where the appellant expressly "consent[ed] to a finding of guilty") *with Arnold*, 6th Dist. Lucas No. L-15-1292, 2017-Ohio-5674, at ¶ 4 (addressing the merits of the assigned error regarding insufficiency of the evidence where the appellant merely "consented to a finding."). Thus, as the trial court correctly recognized, Neal's no contest plea merely "allow[ed] the Court to accept as true the facts contained in the complaint." The trial court then based its finding of guilt on the complaint alone. But, as in *Arnold,* the complaint against Neal was the uniform traffic ticket, which "contained no information to assist in determining whether appellant operated a vehicle on the date in question while under the influence of alcohol." *Arnold* at ¶ 8.

{¶ 23} Because the complaint does not contain facts sufficient to support each element of the offense, the trial court lacked sufficient evidence to find Neal guilty of

11.

violating R.C. 4511.19(A)(1)(a) and Neal's conviction must be vacated. *State v. Lloyd*, 2016-Ohio-331, 58 N.E.3d 520, ¶ 28 (6th Dist.) (when a defendant is found guilty after a no contest plea and the finding of guilt is based on insufficient evidence, the conviction must be vacated and the defendant discharged); *Korossy*, 2017-Ohio-7275, 96 N.E.3d 941, at ¶ 20. Therefore, Neal's second assignment of error is well-taken.

### III. Conclusion

{¶ 24} Under R.C. 2937.07, Neal was entitled to have the trial court call for an explanation of circumstances before it found him guilty of OVI. Neal waived that right, however, which is permissible under Sixth District case law. Accordingly, Neal's first assignment of error is not well-taken.

{¶ 25} Although Neal waived the explanation of circumstances, he did not explicitly consent to a finding of guilty or expressly admit that the facts, as alleged, provide a sufficient or actual basis for a finding of guilt. Thus, the trial court was still required to determine whether the facts of the complaint, as admitted, established guilt. The trial court found Neal guilty of OVI in violation of R.C. 4511.19(A)(1)(a) based on its review of the complaint. The complaint, however, failed to allege facts sufficient to support each element of the offense. The conviction was therefore based on insufficient evidence. Neal's conviction must be vacated and he must be discharged. Neal's second assignment of error is well-taken.

12.

{¶ 26} Accordingly, the June 27, 2017 judgment of the Toledo Municipal Court is reversed and Neal's conviction is vacated. Toledo is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.