[Cite as *State v. Brown*, 2019-Ohio-894.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                     Court of Appeals No. OT-18-021

       Appellee                               Trial Court No.  TRD 1704643 A

v.

Michael E. Brown                            **DECISION AND JUDGMENT**

       Appellant                               Decided:  March 15, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 9, 2018 judgment of the Ottawa County

Municipal Court, finding appellant guilty of one count of driving under suspension, one

count of possession of drug paraphernalia, and one count of possession of marijuana, all misdemeanor offenses. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Michael E Brown, sets forth the following assignment of error:

1. The trial court committed reversible error during the *nolo contendere* plea colloquy of Michael E. Brown ("Appellant") because the Trial Court disregarded R.C. 2937.07 by erroneously permitting the State of Ohio ("Appellee") and Appellant to merely stipulate to there being a sufficient factual basis for a finding of guilt without receiving an explanation of the circumstances of the offense, the Trial Court did not note that it had read the charging document to establish an explanation of the circumstances of the offense and the Trial Court nevertheless found Appellant guilty.

{¶ 3} The following undisputed facts are relevant to this appeal. On May 9, 2018, appellant appeared at the Ottawa County Municipal Court for a pretrial hearing on five pending offenses; one count of obstruction, one count of driving under suspension, one count of possession of drug paraphernalia, one count of possession of marijuana, and one count of failure to provide identification.

{¶ 4} Pursuant to a voluntary agreement, appellant entered no contest pleas to one count of driving under suspension, one count of possession of drug paraphernalia, and

2.

one count of possession of marijuana, all counts being misdemeanor offenses. In exchange for the pleas, the remaining two offenses were dismissed. A pre-sentence investigation report was ordered.

{¶ 5} On May 29, 2018, appellant was sentenced. The trial court noted at sentencing that appellant possesses an extensive criminal record, including four past convictions for operating a motor vehicle while under the influence, multiple assault convictions, and a public indecency conviction. In conjunction with this, the court noted that appellant accepted no responsibility for the current set of offenses.

{¶ 6} The record reflects that appellant persistently challenged, questioned, and attempted to refute the validity of the proceedings against him.

{¶ 7} Appellant opaquely opined at sentencing, "I sincerely believe that these matters, that these matters merit, that we could all simply just walk away from these matters * * * I would happily expound on that subject further in a discussion which could be held off the record."

{¶ 8} The trial court sentenced appellant to a 90-day term of incarceration, provided appellant a 30-day period in which to report to serve the sentence, and imposed fines and costs. This appeal ensued.

{¶ 9} In the sole assignment of error, appellant asserts that the trial court committed reversible error in appellant's May 9, 2018 change of plea colloquy. We do not concur.

**{¶ 10}** Specifically, appellant suggests in support of this appeal that R.C. 2937.07 should be construed so as to prohibit the waiver of an explanation of circumstances of offenses other than in cases of minor misdemeanors. There is no governing or relevant authority in support of this sweeping assertion.

**{¶ 11}** Contrary to appellant's position, R.C. 2937.07 establishes that, "If the offense to which the accused is entering a plea of no contest is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense." The relevant statutory language merely stands for the proposition that in minor misdemeanor cases the trial court need not require an explanation of the circumstances of the offense, therefore in such cases, the issue of a potential waiver of the explanation is not automatically triggered.

**{¶ 12}** As recently held by this court, "If the defendant's waiver of the explanation of circumstances is accompanied with an express statement that the defendant consents to a finding of guilty or expressly stipulates that the admitted facts provide a sufficient or actual basis for a finding of guilt, then the defendant cannot assert insufficient evidence as error on appeal." *State v. Neal*, 6th Dist. Lucas No. L-17-1193, 2018-Ohio-2596, ¶ 18.

**{¶ 13}** Based upon the above-described controlling legal guidelines, we now consider whether the transcript of proceedings at the May 9, 2018 change of plea hearing comports with the parameters outlined in the *Neal* holding.

4.

{¶ 14} The sentencing transcript reflects that counsel for appellant explicitly conveyed to the trial court, "Your Honor, in speaking with the defendant, it's my understanding that he would stipulate that there are sufficient facts for a finding of guilt and further waive explanation of circumstances under [R.C.] 2937.07."

{¶ 15} Significantly, at this juncture, the trial court makes a direct inquiry of appellant in order to confirm the statement of appellant's counsel. The trial court inquires of appellant, "Is that correct, Mr. Brown?" Appellant replies, "Yes, your Honor, that's correct."

{¶ 16} Based upon the foregoing, we find that appellant's waiver of the explanation of circumstances in this case properly included an express statement that appellant stipulated to sufficient facts in support of a guilty finding and also waived any further explanation in conformity with R.C. 2937.07. The record reflects no impropriety in appellant's May 9, 2018 change of plea.

{¶ 17} Wherefore, we find appellant's assignment of error to be not well-taken. The judgment of the Ottawa County Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                    JUDGE

Arlene Singer, J.

                                  _____
Thomas J. Osowik, J.                              JUDGE
CONCUR.

                                  _____
                                                    JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.